INVESTORS REIT ONE, APPELLANT, *v.* JACOBS ET AL., APPELLEES.

INVESTORS REIT TWO, APPELLANT, *v.* FORTMAN ET AL., APPELLEES.

[Cite as Investors REIT One *v.* Jacobs (1989), 46 Ohio St. 3d 176.]

(No. 88-982—Submitted April 27, 1989—Decided November 8, 1989.)

Crabbe, Brown, Jones, Potts & Schmidt, Charles E. Brown, Steven B.

Ayers, Jill T. Fleishman, Strip, Fargo, Schulman & Hoppers, A. C. Strip, John Z. Fargo and Michael P. Vasko, for appellants.

Vorys, Sater, Seymour & Pease, David S. Cupps, F. James Foley and Charles P. Hurley, for appellees.

Squire, Sanders & Dempsey, David J. Young, Kevin R. McDermott, Michael W. Pettit and Kim L. Swanson, urging affirmance for amicus curiae, Ohio Society of Certified Public Accountants.

JOHN V. CORRIGAN, J. The issue presented for our consideration by the appellant-trusts, IRO and IRT, queries whether the discovery rule is available to extend the governing statute of limitations on the claims of IRO and IRT against the accountant-defendants for negligence. The "discovery rule" generally provides that a cause of action accrues for purposes of the governing statute of limitations at the time when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury. See Oliver v. Kaiser Community Health Found. (1983), 5 Ohio St. 3d 111, 5 OBR 247, 449 N.E. 2d 438; Skid-

more & Hall v. Rottman (1983), 5 Ohio St. 3d 210, 5 OBR 453, 450 N.E. 2d 684. We find that the discovery rule is not available to claims of professional negligence brought against accountants.

R.C. 2305.09[1] provides a general limitations period of four years for tort actions not specifically covered by other sections of the Ohio Revised Code. See Mahalsky v. Salem Tool Co. (C.A. 6, 1972), 461 F. 2d 581, 585. General tort claims, including those for negligence, are governed by R.C. 2305.09(D). Richard v. Staehle (1980), 70 Ohio App. 2d 93, 24 O.O. 3d 121, 434 N.E. 2d 1379. Likewise, general claims of professional negligence which are outside the ambit of R.C. 2305.10[2] and 2305.11[3] are also governed by the four-year limitations period in R.C. 2305.09. See id.

Ohio courts have consistently interpreted R.C. 2305.11(A) restrictively and have refused to extend the statute to include professional malpractice claims which are neither considered specifically by the terms of the statute nor traditionally included under the common-law definition of "malprac-

---

[1] R.C. 2305.09 provides:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"(A) For trespassing upon real property;

"(B) For the recovery of personal property, or for taking or detaining it;

"(C) For relief on the ground of fraud;

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code.

"If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer

is discovered; nor, if it is for fraud, until the fraud is discovered." (Emphasis added.)

[2] R.C. 2305.10 provides, in relevant part:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."

[3] R.C. 2305.11(A), as effective July 1, 1976, provided in relevant part:

"An action for libel, slander, assault, battery, malicious prosecution, false imprisonment, or malpractice, including an action for malpractice against a physician, podiatrist, or a hospital, or upon a statute for a penalty of forfeiture, shall be brought within one year after the cause thereof accrued * * *." (Subsequently amended.)

tice."[4] See, *e.g., Hocking Conservancy Dist.* v. *Dodson-Lindblom Assoc.* (1980), 62 Ohio St. 2d 195, 16 O.O. 3d 217, 404 N.E. 2d 164 (professional engineer); see, also, *Lombard* v. *Medical Center* (1982), 69 Ohio St. 2d 471, 23 O.O. 3d 410, 433 N.E. 2d 162 (nurses and laboratory technicians); *Neilsen* v. *Barberton Citizens Hospital* (1982), 4 Ohio App. 3d 18, 4 OBR 39, 446 N.E. 2d 209 (nurse); *Reese* v. *K-Mart Corp.* (1981), 3 Ohio App. 3d 123, 3 OBR 140, 443 N.E. 2d 1391 (pharmacist). Accountants are neither included specifically by the terms of R.C. 2305.11 nor are they traditionally considered professionals subject to malpractice claims at common law. Thus, R.C. 2305.11 does not govern claims brought against accountants for alleged professional misconduct.

This court has found that the two-year statute of limitations contained in R.C. 2305.10 governs claims of bodily injury resulting from the alleged negligence of health-care professionals other than those expressly included in R.C. 2305.11. See *Whitt* v. *Columbus Cooperative* (1980), 64 Ohio St. 2d 355, 18 O.O. 3d 512, 415 N.E. 2d 985; *Richardson* v. *Doe* (1964), 176 Ohio St. 370, 27 O.O. 2d 345, 199 N.E. 2d 878. We have not extended the statute to include general negligence claims. Thus, R.C. 2305.10 is not applicable to claims of negligence against accountants.

We find that claims of accountant negligence are governed by the four-year statute of limitations for general negligence claims found in R.C. 2305.09(D), not by the two-year period for bodily injury or injury to personal property set forth in R.C. 2305.10, or by the one-year limitations period for professional malpractice claims in R.C. 2305.11(A). See *Holsman Neon & Electric Sign Co.* v. *Kohn* (1986), 34 Ohio App. 3d 53, 516 N.E. 2d 1284; *Richard* v. *Staehle, supra.*

This court has determined that, in some circumstances, a discovery rule is appropriate for calculating when a cause of action accrues for purposes of defining a limitations period. Within the parameters of expressly defined circumstances, the discovery rule is applicable to claims brought under R.C. 2305.09, 2305.10 and 2305.11(A). Depending on the claim and the applicable statute, the date of discovery may toll the running of the governing statute of limitations until the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained-of injury.

Malpractice claims brought under R.C. 2305.11(A) "shall be brought within one year after the cause of action accrued." However, the statute does not expressly consider the time when such a cause of action accrues; and, consequently, the matter has been relegated to determination by the Ohio judiciary.

In *Oliver* v. *Kaiser Community Health Found., supra,* this court determined that the discovery rule was applicable to medical malpractice claims brought under R.C. 2305.11(A). See, also, *Hershberger* v. *Akron City Hospital* (1987), 34 Ohio St. 3d 1, 516 N.E. 2d 204 (explaining *Oliver, supra,* and its progeny); *Frysinger* v. *Leech* (1987), 32 Ohio St. 3d 38, 512 N.E. 2d 337 (explaining and modifying *Oliver, supra*).

---

[4] At common law, the common meaning and legal definition of the term "malpractice" was limited to the professional misconduct of medical professionals and attorneys. *Richardson* v. *Doe* (1964), 176 Ohio St. 370, 372, 27 O.O. 2d 345, 347, 199 N.E 2d 878, 880 (citing *Long* v. *Bowersox* [1909], 19 Ohio Dec. 494, 498-499, 8 Ohio N.P. [N.S.] 249, 254).

This court has likewise determined that the discovery rule is applicable to claims in legal malpractice brought under R.C. 2305.11(A). *Skidmore & Hall* v. *Rottman, supra*; see, also, *Zimmie* v. *Calfee, Halter & Griswold* (1989), 43 Ohio St. 3d 54, 538 N.E. 2d 398.

The General Assembly has incorporated a discovery rule into the terms of R.C. 2305.10, which provides that an action for bodily injury or injury to personal property shall be brought within two years after the cause of action arose. Effective June 12, 1980, the terms of the statute expressly included a discovery rule for claims of bodily injury caused by exposure to asbestos or to chromium. (138 Ohio Laws, Part II, 3412.) In *O'Stricker* v. *Jim Walter Corp.* (1983), 4 Ohio St. 3d 84, 4 OBR 335, 447 N.E. 2d 727, this court expanded the discovery rule incorporated into R.C. 2305.10 to include general claims of bodily injury, when the claimed injury does not manifest itself immediately. The General Assembly has further amended R.C. 2305.10 to extend the terms of its discovery rule to claims of bodily injury caused by exposure to certain specified chemicals and drugs. See R.C. 2305.10, as amended August 26, 1982 and May 31, 1984. (139 Ohio Laws, Part I, 866, 867, and 140 Ohio Laws, Part I, 1767, 1768.)

The discovery rules adopted by this court and by the General Assembly for bodily injury claims brought under R.C. 2305.10, and the discovery rules determined in *Oliver, supra,* and *Skidmore, supra,* for medical and attorney malpractice claims arising under R.C. 2305.11(A), are not available to negligence claims brought under R.C. 2305.09(D). However, R.C. 2305.09(D) expressly includes its own limited discovery rule:

"If the action is for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered."

While expressly providing a discovery rule for certain actions arising under R.C. 2305.09, no such rule was extended to general negligence claims. The General Assembly's failure to include general negligence claims under the discovery rule set out in R.C. 2305.09 argues strongly that it was not the legislature's intent to apply the discovery rule to such claims. See *Kirsheman* v. *Paulin* (1951), 155 Ohio St. 137, 146, 44 O.O. 134, 139, 98 N.E. 2d 26, 31 (explaining the statutory significance of the Latin phrase, *expressio unius est exclusio alterius*). The legislature's express inclusion of a discovery rule for certain torts arising under R.C. 2305.09, including fraud and conversion, implies the exclusion of other torts arising under the statute, including negligence. See *id.*

In *Squire* v. *Guardian Trust Co.* (1947), 79 Ohio App. 371, 35 O.O. 144, 72 N.E. 2d 137, the Court of Appeals for Cuyahoga County considered the availability of a discovery rule on multiple claims against directors of a bank for money losses suffered by the bank. The trial court found the claims sounding in negligence but distinct from any claims of fraud to be time-barred by the four-year statute of limitations of G.C. 11224 (presently encoded as R.C. 2305.09). The trial court further found that the running of the statute of limitations was not tolled by the alleged concealment of the claimed negligence.

In a statement of what is still good law, the reviewing court in *Squire, supra,* explained:

"In some states applicable statutes of limitations are by express provision

therein tolled until the discovery of the wrong. * * * [Citation omitted.] In our own state, the statute is tolled in like manner in cases of fraud and certain trespasses. (Section 11224, General Code [R.C. 2305.09].)

"If the Legislature had deemed it expedient it could have so provided, either generally as to cases of concealed torts, or in the banking act as to wrongful acts of officers and directors. It has not done so, and the relief if it is extended should be furnished by legislative act, not by judicial legislation.

"* * *

"No exception has been provided covering mere concealment as distinguished from direct and specific allegations of fact showing fraud.

"* * *

"Facts alleged showing mere concealment are not sufficient, therefore, to toll the statute." *Id.* at 384-385, 35 O.O. at 150, 72 N.E. 2d at 146.

In the case now before us, IRO and IRT asserted in their complaints that C & L had served as accountants for IRO and IRT through at least part of 1975. The accountants prepared annual audits for the years 1969 through 1974, which were turned over to the trusts on completion. It was not until April 23, 1980, more than four years later, that complaints were filed against the defendants on behalf of the trusts.

For reasons set forth above, we find that the trusts' causes of action commenced no later than 1975. Since the discovery rule set forth in R.C. 2305.09(D) is applicable to claims founded in fraud, conversion and breach of trust by the terms of the statute, the court of appeals appropriately reversed and remanded the summary judgments granted on such claims. However, we concur with the court of appeals that the discovery rule

is inapplicable to the trusts' purported claims in accountant negligence arising under R.C. 2305.09(D). The four-year statute of limitations governing such claims in accountant negligence commenced to run when the allegedly negligent act was committed or, in this case, no later than 1975.

The General Assembly has not adopted a discovery rule applicable to general negligence claims arising under R.C. 2305.09. This court will not interpret R.C. 2305.09 to include a discovery rule for professional negligence claims against accountants arising under R.C. 2305.09 absent legislative action on the matter.

Accordingly, we affirm the judgment of the court of appeals, finding that no issue had been established which would ensure the survival of the appellants' claims in accountant negligence brought more than four years after the cause of action accrued. The appellants' claims sounding in accountant negligence are time-barred by the four-year limitations period in R.C. 2305.09. However, we note that the appellants' claims in fraud, conversion and breach of trust brought against the accountants and other named defendants in this case survive, pending the trial court's determinations on the reversal and remand ordered by the court of appeals.

*Judgment affirmed.*

MOYER, C.J., HOLMES, STEPHENSON and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., concur in part and dissent in part.

EARL E. STEPHENSON, J., of the Fourth Appellate District, sitting for WRIGHT, J.

JOHN V. CORRIGAN, J., of the

Eighth Appellate District, sitting for H. BROWN, J.

SWEENEY, J., concurring in part and dissenting in part. I wholeheartedly concur in the majority's first paragraph of the syllabus regarding the proper statute of limitations applicable to claims sounding in accountant malpractice or negligence. Contrary to the arguments of *amicus curiae,* the Ohio Society of Certified Public Accountants, the two-year limitations period set forth in R.C. 2305.10 is inappropriate for determining the timeliness of a malpractice or negligence claim brought against an accountant. R.C. 2305.10 contemplates an action for bodily injury not covered by a more specific statutory limitations period, or for injuring personal property. The instant action, however, is for professional malpractice or negligence of accountants. As appellants correctly submit, the essence of their claim is the failure of the accountants to perform duties attendant to accounting services, not the accountants' physically injuring the appellants' personal property. Therefore, the limitations period set forth in R.C. 2305.09 is most appropriate for determining the timeliness of actions in accountant malpractice or negligence.

Notwithstanding the foregoing, I strongly disagree with the majority's paragraph 2a of the syllabus which precludes application of the "discovery rule" for claims of professional negligence brought against accountants. Therefore, I must dissent from the majority's refusal to place accountants on equal footing with other professionals (*i.e.,* physicians and attorneys) with regard to determining the accrual of a professional negligence or malpractice claim.

The majority apparently declines to apply a discovery rule to actions grounded in accountant negligence simply because the General Assembly did not adopt such a rule in its enactment of R.C. 2305.09(D). However, such perfunctory reasoning has been repeatedly eschewed by this court in other "discovery" cases. See, *e.g., O'Stricker* v. *Jim Walter Corp.* (1983), 4 Ohio St. 3d 84, 4 OBR 335, 447 N.E. 2d 727; *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111, 5 OBR 247, 449 N.E. 2d 438. More importantly, such reasoning ignores this court's essential role in ensuring that cases be decided both fairly and equitably. Under the majority's rationale, one could almost make the argument that the General Assembly did not intend accountants to be liable for malpractice at all, since, unlike other professions, accountant malpractice is not mentioned in R.C. Chapter 2305. In any event, legislative inaction on a particular issue does not necessarily mean that the legislature made a conscious decision against a certain point of view. See *Oliver, supra.*

Like attorney and physician malpractice, accountant malpractice can entail deleterious consequences that are deserving of judicial redress. The majority's refusal to apply a discovery rule in the accountant malpractice area has the effect of denying a claim of an injured party before the injured party knew any such claim existed. In my view, the majority's application of R.C. 2305.09(D), so as to bar the claims of accountant malpractice plaintiffs who did not know or could not reasonably have known of their injuries, clearly violates the "open-courts" or "right-to-a-remedy" provision of Section 16, Article I of the Ohio Constitution. This provision states:

"All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation,

shall have remedy by due course of law, and shall have justice administered without denial or delay." See *Hardy* v. *VerMeulen* (1987), 32 Ohio St. 3d 45, 512 N.E. 2d 626.

By failing to apply a discovery rule to accountant malpractice claims, the majority has accorded a veritable "sacred cow" status whereby accountants are treated differently from all other professionals. As appellants submit on page two of their reply brief: "All that is expected of a professional, whether he be a doctor, lawyer, or accountant, is that he perform his duties honestly, completely, and competently according to the standard of care required for the particular profession. Merely because an accountant 'dates' an audit report or merely because an accountant is not considered to be a guarantor of the accuracy of an audit does not entitle the accountant to escape liability for injuries he has inflicted by his negligence on one who is unable through due diligence to promptly uncover the wrong done to him. An accountant should be allowed no more protection from his wrongdoing than is a physician or an attorney."

In my opinion, the discovery rule in this context is not only fair, but also eminently sensible. Research reveals that the view that a cause of action against an accountant for negligence accrues, and the statute of limitations commences to run, when the injured party discovers, or in the exercise of reasonable diligence should have discovered the negligent act has wide support throughout the country. The following cases have established or reiterated some form of a discovery rule to govern accountant malpractice actions in their respective jurisdictions. See *Sato* v. *Van Denburgh* (1979), 123 Ariz. 225, 599 P. 2d 181; *Moonie* v. *Lynch* (1967), 256 Cal. App. 2d 361, 64 Cal. Rptr. 55; *Brueck* v. *Krings* (1982), 230 Kan. 466, 638 P. 2d 904; *Leonhart* v. *Atkinson* (1972), 265 Md. 219, 289 A. 2d 1; *Frank Cooke, Inc.* v. *Hurwitz* (1980), 10 Mass. App. 99, 406 N.E. 2d 678; *Brower* v. *Davidson, Deckert, Schutter & Glassman, P.C.* (Mo. App. 1984), 686 S.W. 2d 1; *Chisholm* v. *Scott* (1974), 86 N.M. 707, 526 P. 2d 1300; see, also, Annotation (1969), 26 A.L.R. 3d 1438. I believe that in the interest of justice, fairness and consistency, Ohio should also adopt a discovery rule for determining the accrual date for causes of action sounding in accountant malpractice.

Accordingly, while I would affirm the court of appeals' judgment that R.C. 2305.09(D) is the proper statute of limitations governing accountant malpractice actions, I would reverse the court of appeals in part and adopt the discovery rule for claims of accountant malpractice.

DOUGLAS, J., concurs in the foregoing opinion.