OPINION
On October 22, 1996, plaintiff, David Gatchell, trustee of the Gatchell Brothers Builders, Inc. profit-sharing trust, filed suit against defendants, Lawyers Title Insurance Corporation ("Lawyers Title") and Marvin Miller, Esq. ("Miller"), asserting claims for negligence and legal malpractice. Summary judgment motions were filed by all three parties, and on October 15, 1998, the trial court entered judgment in favor of the defendants. Plaintiff now appeals, raising the following two assignments of error:
 [1.] The lower court erred in granting defendant-appellee, Marvin Miller's motion for summary judgment and denying plaintiff-appellee's [sic] motion for summary judgment.
 [2.] The lower court erred in granting defendant-appellee, Lawyers Title's motion for summary judgment and denying plaintiff-appellee's [sic] motion for summary judgment.
The Gatchell Brothers trust was created in 1974 in order to invest retirement funds for its three beneficiaries, plaintiff David Gatchell, his brother, defendant Lawrence Gatchell, and Stephen Gatchell, who is not a party to this action. Between July 1987 and December 1990, the trust made a series of loans to defendant Lawrence Gatchell. As security for those loans, in August 1991, Lawrence Gatchell asked Lawyers Title to furnish him with documents granting the trust a mortgage interest in his property. To assist in the preparation and drafting of the mortgage, Lawyers Title retained the services of defendant Miller. At the direction of Lawyers Title, Miller drafted the necessary documents granting the trust a mortgage interest in three pieces of real estate owned by Lawrence Gatchell. This mortgage was recorded in Franklin County on August 5, 1991, and provided that payment of the loans was to be completed by December 27, 1995.
According to plaintiff, in April 1992, he asked Lawyers Title to prepare a release of the trust's mortgage on one of the three properties listed on the August 1991 mortgage. Specifically, plaintiff claims to have directed Lawyers Title to prepare a release for only the third parcel of property. Lawyers Title again retained Miller to draft the necessary documents. However, Miller claims to have not been told that the release was to be only a partial release. Accordingly, he drafted papers releasing the trust's mortgage on all three properties. While plaintiff read the release and recognized that it released all three properties, he nonetheless signed and notarized the appropriate documents releasing the trust's mortgage interest in all three properties owned by Lawrence Gatchell.
Apparently no concern arose in regard to either the mortgage or the release for almost two years. However, in November 1994, several of Lawrence Gatchell's creditors initiated foreclosure proceedings on two of the three parcels previously subject to plaintiff's mortgage interest. Plaintiff eventually intervened in the foreclosure action and argued that he held a primary lien on the properties. Thereafter, plaintiff filed a motion for summary judgment arguing that the mortgage release was improperly drafted and in need of reformation. On February 13, 1996, the trial court issued a decision overruling plaintiff's motion for summary judgment. Therein the court concluded that plaintiff held no valid interest in the subject properties. That decision was not appealed.
On October 22, 1996, plaintiff filed this action in the Franklin County Court of Common Pleas asserting claims for legal malpractice against defendant Miller and claims for negligence against defendant Lawyers Title. As set forth above, summary judgment motions were filed by all three parties to this action, and on October 15, 1998, the trial court entered judgment against the plaintiff and in favor of defendants Lawyers Title and Miller.
When reviewing a motion for summary judgment, this court must determine whether there are no genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. The procedure for granting summary judgment is found in Civ.R. 56(C), which provides:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Accordingly, a party moving for summary judgment must satisfy a three-part inquiry showing: (1) that there is no genuine issue as to any material fact; (2) that the party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made.Dresher v. Burt (1996), 75 Ohio St.3d 280, 292; Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
In his first assignment of error, plaintiff argues the trial court improperly held that plaintiff's claims against defendant Miller were not raised within the one-year statute of limitations applicable to legal malpractice actions. R.C.2305.11.
The Ohio Supreme Court has developed a two-part test for determining the date for the commencement of the statute of limitations for a cause of action for legal malpractice. In 1983, the Supreme Court held that the discovery rule, previously applied to medical malpractice actions, is applicable to actions sounding in legal malpractice. Skidmore Hall v. Rottman (1983), 5 Ohio St.3d 210. In Skidmore, the Supreme Court held that "* * * a cause of action for legal malpractice accrues and the statute of limitations commences to run when the client discovers, or, in the exercise of reasonable care and diligence should have discovered, the resulting injury." Id. at paragraph one of the syllabus.
Next, in Hershberger v. Akron City Hosp. (1987), 34 Ohio St.3d 1, and a year later in Omni-Food Fashion, Inc. v. Smith
(1988), 38 Ohio St.3d 385, the Supreme Court applied the termination rule to a cause of action for legal malpractice holding that a cause of action accrues and the statute of limitations commences when the attorney-client relationship terminates, or when the client discovers the injury, whichever occurs later.
In 1989, the Ohio Supreme Court refined the standard, holding:
 * * * [U]nder R.C. 2305.11(A), an action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice of a need to pursue his possible remedies against the attorney or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. * * * [Zimmie v. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54, 58.]
Assuming an attorney-client relationship existed between defendant Miller and plaintiff, under the termination rule, plaintiff's legal malpractice claim for the alleged defectively drafted mortgage accrued, and the statute of limitations on that claim commenced, in April 1991 when defendant Miller drafted and tendered the mortgage in question. Similarly, plaintiff's claim for the allegedly defective release accrued, and the statute of limitations commenced, in April 1992 when the release was drafted and executed by plaintiff David Gatchell. There is no question that defendant Miller did not perform any services in connection with this mortgage after April 1992. Thus, under the termination rule, plaintiff's claims for either the mortgage or release are barred, as plaintiff's complaint was not filed until October 22, 1996, many years after the termination of the alleged attorney-client relationship between plaintiff and defendant Miller.
Having found plaintiff's claims untimely under the termination rule, we must also determine when plaintiff discovered, or in the exercise of reasonable care and diligence should have discovered, that the mortgage and release were improperly drafted.[1]
In this case, plaintiff argues that he did not discover and had no reason to believe that the mortgage and release were improperly drafted until February 13, 1996, when the Franklin County Court of Common Pleas rendered its decision in the foreclosure action against defendant Lawrence Gatchell.
While plaintiff's interest in the subject properties was affected by the trial court's ruling in the foreclosure action, the Ohio Supreme Court has never held that a party must be aware or suffer the full extent of his or her injury before there is a cognizable event which triggers the running of the statute of limitations in an action for legal malpractice. Zimmie, supra, at 58.
In this case, the record clearly reflects that plaintiff had formulated an opinion in regard to defendant Miller's drafting of the mortgage and release prior to October 18, 1995, when plaintiff filed his motion for summary judgment arguing that the mortgage and release were incorrectly drafted and in need of reformation. Indeed, in his affidavit, plaintiff admits that he knew that the release as drafted by Miller released all three properties and not just one. Plaintiff also admits that he read the release in question, signed the release, and had his signature notarized. Having carefully reviewed the evidence of record, we find that plaintiff knew or had cause to investigate the mortgage and release when he intervened in the foreclosure action against defendant Lawrence Gatchell. Accordingly, plaintiff's first assignment of error is overruled.
In his second assignment of error, plaintiff argues that the trial court erred when it granted judgment in favor of defendant Lawyers Title. Plaintiff's claim against Lawyers Title is governed by the four-year statute of limitations contained in R.C. 2305.09 See REIT One v. Jacobs (1989), 46 Ohio St.3d 176. In his second assignment of error, plaintiff argues that his claim against Lawyers Title accrued on February 13, 1996, the date on which the trial court held plaintiff's mortgage invalid in the foreclosure action against defendant Lawrence Gatchell. However, as the Ohio Supreme Court explained in REIT One, the General Assembly has not adopted a discovery rule applicable to general negligence claims arising under R.C. 2305.09(D). Id. at 182. As such, plaintiff's claim against Lawyers Title for the improper drafting of the mortgage expired in August 1995. Likewise, plaintiff's claim for the improper release of the mortgage expired in April 1996. As plaintiff's complaint was not filed until October 22, 1996, both claims were untimely filed and are, thus, barred by R.C. 2305.09. Accordingly, plaintiff's second assignment of error is overruled.
For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KENNEDY and YOUNG, JJ., concur.
YOUNG, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Although we speak in terms which might be construed as passing judgment on the legal services rendered by defendant Miller, no such finding has been made, nor is one necessary in the context of this appeal.