The analysis in Investors REIT One v. Jacobs (1989), 46 Ohio St.3d 176
is flawed and the Supreme Court should revisit the issue.
Here, as in REIT One, supra, the plaintiffs seized on the discovery rule as a way to avoid their statute of limitations problem. REIT One rejected that argument, holding that claims for relief alleging accountant negligence are general negligence claims to which the four-year limitation on actions in R.C.2305.09(D) applies, and that the class of claims to which that section applies is not tolled by a discovery rule. Having denied the plaintiffs the benefit of the discovery rule, the REIT One
court then referred back to the negligent act to determine when the claim for relief accrued.
The discovery rule necessarily assumes the existence of a claim for relief. However, a claim for relief does not lie, and a right of action on the claim does not accrue, until an injury occurs to a legally protected right or interest. When that is not contemporaneous with the negligent act from which the injury proximately results, the right of action on the resulting claim for relief cannot accrue with the negligent act, but can only accrue with the subsequent injury.
The "delayed damages" rule attempts to address the anomaly of the result reached in REIT One, supra, but is itself flawed. It appears to be no more than the discovery rule in different garb. More importantly, and like REIT One, supra, it identifies the negligent act as the event which commences running of the limitations period. However, no claim for relief may lie on the negligent act alone. In order for a right of action on the claim to accrue, and the limitation period to commence, an actionable injury must occur. REIT One, supra, should be modified to so provide., Plaintiff-Appellant, Rihm, commenced this action on his claim against Defendant-Appellee, Wade, on January 24, 1997. Rihm argues that the injury underlying the action on which his claim is brought occurred in March of 1995, less than four years earlier, when he received notices from the IRS stating that he owed additional taxes on account of the tax credit disallowance allegedly caused by the Defendant's negligence. However, Rihm was advised of the disallowance by the IRS in September of 1985. That is when the injury underlying their claim against Wade occurred, and that is when the Plaintiffs' right of action accrued on the resulting claim for relief. The March 5, 1995 notice merely established the measure of the damages the Plaintiffs had suffered. As the actual injury from which those damages flowed occurred more than four years before their action was filed, Rihm's action is barred by R.C. 2305.09(D).