DECISION
Clayton D. Chandler appeals the Franklin County Court of Common Pleas entry of summary judgment in favor of King Thompson, Holzer-Wollam, Inc. ("King") and its agent, Jennifer Waterman. Chandler contends that the trial court erred as a matter of law when it determined that he did not file his claim for negligent misrepresentation within the applicable statute of limitations. Because Chandler's cause of action accrued at the time of King and Waterson's negligent act, rather than at the time that Chandler discovered his injury, we disagree. Accordingly, we affirm the judgment of the trial court.
In 1993, the owners of the duplex located at 460 Jackson Street, Mark Schriml, Daniel Schriml, Norman Mullett and Irene Kennedy ("the sellers") listed the duplex for sale at King's realty office with Waterman as their real estate agent. Chandler expressed interest in the property specifically because it was a duplex, since he wanted to live in one half and lease the other half. Chandler informed Waterman of his intent to use the property as a two-family unit. Throughout the listing and negotiation process, King, Waterman, and the sellers represented to Chandler that the duplex was properly used as a two-family unit. Chandler closed on the duplex on April 26, 1994.
Chandler lived in half of the duplex and leased out the other half for four years. In April of 1998, Chandler decided to sell the duplex and retained a real estate agent. Before listing the property, Chandler's real estate agent checked city and county records and discovered that 460 Jackson Street was zoned for single-family use, not dual-family use. Chandler spent several thousand dollars to procure a zoning variance from the Columbus Board of Zoning Appeals.
On August 7, 1998, Chandler filed a complaint alleging negligent misrepresentation, fraud, and unjust enrichment against King, Waterman, and the sellers. After discovery, Chandler dismissed his action against the sellers. King and Waterman filed a joint motion for summary judgment. Chandler conceded that summary judgment was appropriate on his fraud and unjust enrichment claims but pursued the negligent misrepresentation claim.
The trial court ruled in favor of King and Waterman on all of Chandler's claims. The trial court specifically found that Chandler's negligent misrepresentation claim was time-barred because he did not initiate it within the four-year statute of limitations set forth in R.C. 2305.09. Chandler appeals, asserting the following assignment of error:
 The trial court erred in finding that the plaintiff's claims of negligent misrepresentation were barred by the four-year statute of limitations in R.C. 2305.09.
Chandler asserts that the trial court erred in granting King and Waterman's motion for summary judgment. Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(A). SeeBostic v. Connor (1988), 37 Ohio St.3d 144, 146; Morehead v.Conley (1991), 75 Ohio App.3d 409, 411.
In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences which can be drawn from it to determine if the opposing party can possibly prevail. Id. at 411-412. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. at 412. See, also,Schwartz v. Bank One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806,809.
In this case, the parties agree on the material facts and agree that the four-year statute of limitations contained in R.C. 2305.09 applies to Chandler's claim. However, the parties dispute the correct application of the statute of limitations to the facts. R.C. 2305.09 provides that an action for negligence must be brought "within four years after the cause thereof accrued." The trial court found that the cause of action accrued when Waterman and King made their representations to Chandler, more than four years before Chandler filed suit against them.
Chandler asserts that his cause of action accrued when he discovered that his property was not zoned for dual-family use. The crux of Chandler's argument is that the statute of limitations could not commence to run until he suffered an injury, and that he did not suffer any injury until he discovered the zoning defect. Chandler posits that, because he had no statutory duty to disclose the defect to potential buyers until after he learned of it, he would never have suffered any monetary loss had he sold the property without learning of the defect. Because a plaintiff in a negligence action must demonstrate duty, breach of duty, and an injury proximately resulting from that breach, Chandler reasons that he could not have initiated his negligent misrepresentation claim until after he realized a monetary loss,i.e., after he learned of the defect.
In support of his theory, Chandler relies upon Velottav. Leo Petronzio Landscaping, Inc. (1982), 69 Ohio St.2d 376. InVelotta, the appellant alleged negligent construction by the builder of a new home in the installation of underground, non-visible drainage tile. The basement did not begin flooding until five years after the tile was installed. The court determined that the builder's conduct was not harmful until the actual damage occurred. Id. at 379. Thus, even though the builder's conduct occurred more than four years earlier, the homeowner's damages were "delayed" until the basement flooded and the statutory period did not commence until that time. Id.
In advancing his argument, Chandler makes much effort to distinguish Velotta's "delayed damage" theory from the "discovery rule." The "discovery rule" provides that a governing statute of limitation tolls in some circumstances until the plaintiff discovers or should have discovered the injury. The Ohio Supreme Court has determined that the "discovery rule" is not available to claims of negligence similar to Chandler's claim. See InvestorsREIT One v. Jacobs (1989), 46 Ohio St.3d 176, at paragraph two of the syllabus; see, also, R.C. 2305.09. Therefore, to avoid application of REIT One to his claim, Chandler urges us to distinguish between the "delayed damage" theory and the "discovery rule."
King and Waterman contend that the distinction between the "delayed damage" theory and the "discovery rule" constitutes "a distinction without a difference;" one that does not enable Chandler to escape the holding of REIT One. See Hater v. GradisonDiv. of McDonald Co. Securities, Inc. (1995), 101 Ohio App.3d 99,110, citing Reidel v. Houser (1992), 79 Ohio App.3d 546. InHater, individuals who lost investment money in an apartment project brought actions alleging that the broker-dealers negligently recommended the project, the appraiser negligently evaluated the project, and the accountant negligently audited the project prior to their investment. The Hater investors argued that their cause of action did not accrue under the "delayed damage" theory until the bank foreclosed upon the apartment project because they did not actually lose their investment dollars until that time. The court disagreed and found instead that the negligence claims accrued when the recommendation, evaluation and audit occurred. Hater at 110. In so holding, the court stated that, "[r]egardless of its validity or support in the common law of torts, the delayed-damage theory cannot * * * be used to circumvent the clear holding of REIT One by resurrecting the discovery rule in a different analytical guise." Hater at 110-111.
In this case, we find that the distinction between the "delayed damage" theory and the "discovery rule" is irrelevant because Chandler did not suffer "delayed damages." Rather, Chandler suffered damages at the time he purchased his home, and his cause of action arose at the time of King and Waterman's allegedly negligent acts. Although he did not discover his injury until later, R.C. 2305.09 has not extended the "discovery rule" to toll the statute of limitations in negligent misrepresentation cases. Therefore, neither rule affects this case.
The Ohio Supreme Court has confined application of theVelotta "delayed damages" theory to construction cases. SeeSedar v. Knowlton Constr. Co. (1990), 49 Ohio St.3d 193, 198, overruled on other grounds Brennaman v. RMI Co. (1994), 70 Ohio St.3d 460. Construction cases often give rise to delayed damages because the plaintiffs do not suffer immediate injury as a result of the breach of duty. Sedar at 198. For example, "although the presence of a defect in the design or construction of a structure may cause such immediate damage as a reduction of the structure's economic value, * * * a third-party occupant, * * * has no damage to discover until he is physically injured by the defect." Sedar
at 198 (Emphasis sic.) Likewise, a defect in the design or construction of a structure may not cause any immediate reduction in the value of the structure, as was the case with the drainage tile in Velotta. In that instance, while the owner may have immediately had a cause of action for breach of contract, the negligence cause of action did not accrue until the drainage tile caused damage. In each case, the damage did not occur until several years after the breach of duty.
In contrast, in REIT One and Hater, the misrepresentations made to the plaintiffs caused immediate economic damage though the plaintiffs did not discover the economic damage until after the four-year statute of limitations had expired. In each case, the plaintiffs purchased something of lesser value than what they believed they were purchasing. While the plaintiffs did not realize the true value of their purchases until more than some four years later, the damage occurred when the plaintiffs made their purchases. REIT One at 182; Hater at 110; see, also, Avery B. Klein Co. v. Joslyn (Apr. 8, 1993), Cuyahoga App. No. 61841, unreported. Because R.C. 2305.09 states that the statutory period for negligence claims commences when the cause of action accrues, not when it is discovered, the "discovery rule" did not apply to permit those investors to sue for negligence after their discoveries. REIT One at 182, citing R.C.2305.09; Hater at 110.
In this case, Chandler alleged in his complaint that he would not have purchased the duplex for the amount paid had he known that the duplex was zoned for single-family use. From the time he closed on the property, Chandler owned less than he believed. Thus, Chandler's injury occurred at the closing on April 26, 1994. The fact that Chandler did not realize his injury until much later does not change the fact that the financial injury occurred at the closing.
R.C. 2305.09 provides that the statutory period for negligence actions such as a negligent misrepresentation action commences "within four years after the cause thereof accrued." The statute provides a specific exception that the statutory period does not commence until discovery of the injury if the action is for fraud, trespass or taking of personal property. Negligent misrepresentation is not among the enumerated actions to which the discovery exception applies. Therefore, the "discovery rule" does not apply to Chandler's claim.
The trial court found that the cause of action accrued when the parties closed the sale on April 26, 1994. Based upon our independent review of the record, we agree. Because April 26, 1994 is the date upon which Chandler paid for something different than what he received, and because that is the last date upon which King and Waterman negligently misrepresented the character of the property, even when construing all inferences from the record in Chandler's favor, we find that the cause of action accrued on that day. The injury occurred when the negligent act occurred; Chandler did not suffer delayed damages. Based upon the plain language of R.C. 2305.09 and REIT One, the statute of limitations did not toll until Chandler discovered the cause of action. Therefore, the trial court did not err in concluding that Chandler failed to file his claim within the statutory period. The trial court properly granted summary judgment in favor of King and Waterman as a matter of law.
Accordingly, we overrule Chandler's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 ________________________________ KLINE, PRESIDING JUDGE
BOWMAN, P.J., and TYACK, J., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment under authority of Section 6(C), Article IV, Ohio Constitution.