I respectfully dissent. In my view, the trial court erred in denying Van Cauwenberghe's motion for summary judgment based on the statute of limitations and Intrater's failure to exercise due diligence which would have led to her earlier discovery of the alleged fraud and conversion claims against Van Cauwenberghe.
The facts of the case are generally not disputed: In July, 1982, Intrater met Van Cauwenberghe at a club where the latter sang, and the two became friends. In 1986, Van Cauwenberghe proposed that Intrater invest some money through her fiance, Sam Weiss, whom she held out as a genius in the stock market. The plan developed called for Weiss to purchase $100,000 worth of stock for Intrater, Van Cauwenberghe, and Mary Hirschfeld, a Plain Dealer columnist.
On November 6, 1986, Intrater gave Van Cauwenberghe a check for $10,000 payable to Notre Maison, a bed and breakfast operated by Van Cauwenberghe. In return, Van Cauwenberghe provided Intrater with a $10,000 guarantee check.
On May 10, 1987, Intrater gave Van Cauwenberghe a second $10,000 check. This time, Van Cauwenberghe provided Intrater with a $20,000 guarantee check.
On August 23, 1987, Intrater provided Van Cauwenberghe with a third $10,000 check, and on September 8, 1987, Intrater gave Van Cauwenberghe a fourth check for $11,000. In exchange for the final check, Van Cauwenberghe provided Intrater with an $11,000 guarantee check. Later that month, Intrater tried to cash the $11,000 guarantee check; however, the bank returned the check for insufficient funds.
Van Cauwenberghe never provided Intrater with any documentation concerning her investments. Intrater testified that, although she pressed her friend for a written accounting several times in 1989, Van Cauwenberghe ignored or refused these requests, and instead told Intrater that her $41,000 investment had grown to $300,000 during a period in which the stock market experienced record losses.
Despite these signals of possible fraud, Intrater failed to secure any written documentation of her account and failed to independently investigate this investment beyond her inquiries to Van Cauwenberghe.
In 1995, Intrater's accountant, Ira Greenberg, advised her to get an accounting of her investment. In 1996, Intrater learned that Sam Weiss had died. Intrater claims she did not realize she had been defrauded, however, until September of 1997, when Van Cauwenberghe told her that, I owe you nothing.
Intrater filed a breach of contract complaint against Van Cauwenberghe on January 27, 1999, but voluntarily dismissed that complaint. Then, on March 5, 1999, almost twelve years after Intrater made her final installment on the $41,000 investment, she filed a second complaint which included claims for fraud and conversion.
In response, Van Cauwenberghe filed a motion for summary judgment asserting the four-year statute of limitations. The court denied this motion, and the case proceeded to a jury trial.
At the conclusion of the case, the jury returned its verdicts for $41,000 compensatory and $250,000 punitive damages in favor of Intrater, together with a special interrogatory finding that Intrater should have reasonably discovered her claims by January 1, 1996.
On appeal, Van Cauwenberghe maintains that the trial court should have granted her motion for summary judgment based on the four-year statute of limitations. My view is that the case law supports her position.
As the majority notes, [a]ny error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion in made. Continental Ins. Co. V. Whittington (1994), 71 Ohio St.3d 150 . However, such decision is not harmless and is subject to appellate review if predicated on a pure issue of law. See Ahern v. Ameritech Corp. (2000), 137 Ohio App.3d 734, 769. It is my opinion that this case involves a legal issue, and that Van Cauwenberghe is entitled to summary judgment as a matter of law based on the statute of limitations.
In this regard, I am persuaded by Militsky v. Merrill Lynch, Peirce, Fenner Smith, Inc. (N.D.Ohio. 1980), 540 F. Supp. 783, where the court quoted the following from Hupp v. Gray (C.A.7 1974), 500 F.2d 993, 996:
 . . . It is well established that a plaintiff may not merely rely on his own unawareness of the facts or law to toll the statute. Morgan v. Koch, 419 F.2d 993, 997
(7th Cir. 1969); Laundry Equip. Sales Corp. v. Borg-Warner Corp., 334 F.2d 788, 792 (7th Cir. 1964). The plaintiff, rather, has the burden of showing that he `exercised reasonable care and diligence in seeking to learn the facts which would disclose fraud.' Morgan v. Koch, supra, 419 F.2d at 997. The statutory period' (does) not await . . . (plaintiff's) leisurely discovery of the full details of the alleged scheme.' Klein v. Bower, 421 F.2d 338, 343 (2d Cir. 1970).
The court then noted that, [i]nvestors are not free to ignore warning signals which would cause a reasonable person to ask questions, but must `exercise reasonable care and diligence in seeking to learn the facts which would disclose fraud.'" Id., quoting Koke v. Stifel, Nicolaus 
Co., Inc., 620 F.2d 1340, 1343 (8th Cir. 1980). The court then concluded:
 Giving Militsky the benefit of all reasonable inferences, the Court notes that he did in fact attempt to ascertain what was happening with his account with Merrill Lynch. This is evidenced by the flurry of correspondence between Militsky and Kenzie and other representatives of Merrill Lynch.
 However, this went on for three years-from 1969 to 1972. During this period a reasonable person would have realized that he was getting no satisfaction from defendants, and would have taken his inquiry elsewhere. It is not sufficient that Militsky continued to inquire of the very persons he suspected of wrongdoing, for this is not the type of reasonable diligence contemplated by the courts. See generally, Buder v. Merrill Lynch, Pierce, Fenner Smith, Inc., 486 F. Supp. 56, n. 3 (E.D. No. 1980). The Court finds that Militsky did not exercise reasonable diligence in seeking to learn facts which would uncover the alleged fraud in this case. He had a duty to inquire of someone other than defendants to ascertain the nature of his claims. (Emphasis added.)
The foregoing reasoning has also been followed by Ohio courts, including our court. See, e.g., DiCello v. Shepard (Feb. 22, 2001), Cuyahoga App. No. 77107, unreported, wherein our court stated:
 Thus, a cause of action for fraud or conversion accrues either when the fraud is discovered, or in the exercise of reasonable diligence, the fraud should have been discovered. Investors REIT One v. Jacobs (1989), 46 Ohio St.3d 176, 546 N.E.2d 206, paragraph 2b of the syllabus; Burr v. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, 76, 491 N.E.2d 1101. When determining whether the exercise of reasonable diligence should have discovered a case of fraud, the relevant inquiry is whether the facts known "`would lead a fair and prudent man, using ordinary care and thoughtfulness, to make further inquiry * * *.'" Hambleton v. R.G. Barry Corp., (1984), 12 Ohio St.3d 179, 181, 465 N.E.2d 1298, quoting Schofield v. Cleveland Trust Co. (1948), 149 Ohio St. 133, 142, 78 N.E.2d 167.
 The law with respect to discovery is that no more than a reasonable opportunity to discover the misrepresentation is required to start the period of limitations. Information sufficient to alert a reasonable person to the possibility of wrongdoing gives rise to a party's duty to inquire into the matter with due diligence.
 Craggett v. Adell Ins. Agency (1993), 92 Ohio App.3d 443, 454, 635 N.E.2d 1326.
I believe the instant case is factually similar to that presented in Militsky. Here, by her own testimony, Intrater pressed Van Cauwenberghe for a written account several times in 1989. She never got any satisfaction from Van Cauwenberghe, nor received any documentation of her investment. In my view, Militsky imposes an affirmative duty on her to exercise reasonable diligence and to further investigate the status of her investments; however, the record before us indicates that Intrater failed to do anything except make inquiries to Van Cauwenberghe.
I recognize that, [g]enerally, the determination of when a plaintiff reasonably should have discovered the perpetration of a fraud necessarily involves questions of fact that would preclude resolution of the matter by summary judgment. Thut v. Thut (Apr. 13, 2001), Geauga App. No. 2000-G-2281, unreported, citing Hamilton v. Ohio Savings Bank (1994),70 Ohio St.3d 137, 140; Investors REIT One v. Jacobs (1989),46 Ohio St.3d 176, 182. However, Ohio courts have upheld the grant of summary judgment in similar cases. See, e.g., Thut, supra, citing Stokes v. Berick (Dec. 23, 1999), Lake App. No. 89-L-094, unreported.
Here, the facts are not in dispute. The record establishes signals as early as 1987 when the bank returned the $11,000 guarantee check for insufficient funds, and in 1989, when Van Cauwenberghe failed to provide Intrater with any documentation of the investment. Intrater admits pressing Van Cauwenberghe for this information on several occasions in 1989, which demonstrates her concern. Nevertheless, she did nothing to pursue these inquires, and therefore cannot now rely on ignorance to toll the statute of limitations.
I am persuaded by the case law, which indicates that Intrater should not be rewarded for her lack of diligence from 1987 until she discovered Van Cauwenberghe's fraud allegedly in 1997. As a matter of law, I believe that the facts known to Intrater as early as 1987 would have led a fair and prudent investor using ordinary care and thoughtfulness to make further inquiry, and in the exercise of reasonable diligence, she would have discovered the fraud. And because she should have conducted further inquiry no later than 1989, the statute of limitations in this case expired at least by 1993.
Accordingly, I would reverse the judgment of the trial court and grant summary judgment in favor of Van Cauwenberghe.