{¶ 38} I respectfully dissent from the majority's opinion affirming appellees' motion to dismiss and motion for judgment on the pleadings. While I agree that the four-year statute of limitations for accounting negligence begins to run on the date the negligent act was committed pursuant to R.C. 2305.09(D), I would find that the delayed damages rule carves out an exception for the instant case. See Philpott v. Ernst Whinney (Nov. 25, 1992), Cuyahoga App. No. 61203 (Corrigan, J., dissenting) (opining that "[w]hile the `discovery rule' is not applicable to claims of professional negligence brought against accountants, see Investors REIT One v. Jacobs (1989), 46 Ohio St.3d 176, paragraph two of the syllabus, this rule is not a `discovery rule,' as it deals with the delayed occurrence of damages, not the discovery of injury." See, also, Sedar v. Knowlton Constr Co. (1990),49 Ohio St.3d 193, 198. Additionally, Ohio courts have consistently held that statutes of limitations are remedial in nature and should be construed liberally so that "every reasonable presumption will be indulged and every doubt will be resolved in favor of affording rather than denying a plaintiff his day in court." Marshall v. Ortega (Oct. 8, 1998), *Page 15 
Cuyahoga App. No. 72096 (internal citations omitted). Accordingly, I would reverse the trial court's holding and let the case continue to go forward on its merits. *Page 1