[Cite as *Vanderlaan v. Pavlik*, 2015-Ohio-5349.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| AARON A. VANDERLAAN, | : | APPEAL NO. C-150060 |
| and | : | TRIAL NO. A-1307814 |
| ALLISON S. VANDERLAAN, | : | *O P I N I O N.* |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| DAVID PAVLIK, | : | |
| and | : | |
| SUSAN PAVLIK, | : | |
| Defendants-Appellants. | : | |



Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: December 23, 2015


*Dinsmore & Shohl LPA* and *Mark A. Vander Laan,* for Plaintiffs-Appellees,

*Keating Muething & Klekamp PLL* and *Charles M. Miller,* for Defendants-Appellants.



Please note: this case has been removed from the accelerated calendar.

**MOCK, Judge.**

{¶1}    In four assignments of error, defendants-appellants David and Susan Pavlik appeal the judgment of the trial court in favor of plaintiffs-appellees Aaron and Allison Vanderlaan for breach of contract and fraud.  For the reasons set forth below, we reverse.

### Real Estate Sale Leads to Litigation

{¶2}    In 1981, the Pavliks entered into an agreement with Donald and Susan Ayer.  The Ayers, who owned the property adjacent to the Pavliks' property, granted the Pavliks an easement through the Ayers' property for the purpose of constructing a sewer line.  The easement contained a provision that stated that "[t]he cost of constructing, maintaining, repairing or operating the sewer line within the easement shall be the sole obligation of the [Pavliks]."  Twenty-six years later, the Pavliks sold their home to the Vanderlaans.  The "Contract to Purchase" indicated, among other things, that the property was "not subject to a maintenance agreement." At the closing, the "Transfer Certificate of Title" properly described the property and listed, as part of the transaction, a "non-exclusive, permanent sewer easement and right of way as more particularly described in deed book 4203, page 217 of the registered land records of Hamilton County, Ohio."

{¶3}    In 2013, an attorney for the Ayers made a written demand that the Vanderlaans repair damage caused by the sewer line.  The Vanderlaans paid for the repair and then brought suit against the Pavliks for breach of contract and fraud. They claimed that the easement constituted a maintenance agreement that should have been disclosed, and that such a maintenance agreement was expressly denied in

the "Contract to Purchase." At the conclusion of the bench trial, the trial court awarded damages to the Vanderlaans.

## Trial Court Should Have Dismissed Claims
## Pursuant to Civ.R. 41(B)(2)

{¶4} In their first assignment of error, the Pavliks claim that the trial court should have granted their motion to dismiss filed pursuant to Civ.R. 12(B)(6). "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). But courts are limited to examining the face of the complaint, may not consider matters outside the complaint, and must presume all the assertions in the complaint are true. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997).

{¶5} The Pavliks' argument for dismissal requires reference to more than the allegations in the complaint. We must also consider the "Contract to Purchase," the sewer easement, the "Transfer Certificate of Title," and the testimony of the parties regarding receipt of those documents. Since the Pavliks' arguments relied on information outside the face of the complaint, their initial motion to dismiss was not the proper vehicle by which to resolve the matter. The trial court properly denied it. The first assignment of error is overruled.

{¶6} In their second assignment of error, the Pavliks claim that the trial court should have granted their Civ.R. 41(B) motion to dismiss. Pursuant to Civ.R. 41(B)(2), a defendant in a bench trial may move for dismissal at the close of the presentation of the plaintiff's evidence on the grounds that the plaintiff has failed to prove its case and has not demonstrated that it is entitled to relief. When ruling on a Civ.R. 41(B)(2) motion to dismiss, a trial court is entitled to weigh the evidence

presented. *St. Clair v. Person*, 1st Dist. Hamilton No. C-010094, 2002 Ohio App. LEXIS 1154 (March 15, 2002). The court is not required to view the evidence in the light most favorable to the plaintiff. *Harris v. Cincinnati*, 79 Ohio App.3d 163, 168, 607 N.E.2d 15 (1st Dist.1992), citing *Jacobs v. Bd. of Cty. Commrs.*, 27 Ohio App.2d 63, 65, 272 N.E.2d 635 (3d Dist.1971). A reviewing court should set aside the trial court's judgment if it was erroneous as a matter of law or against the manifest weight of the evidence. *Person.*

{¶7}    In order to establish a breach-of-contract claim in a real-estate transaction, the Vanderlaans must establish "the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach." *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 108, 661 N.E.2d 218 (8th Dist.1995).

{¶8}    In this case, the Vanderlaans claim that the Pavliks breached their agreement when they asserted that the property was not subject to a maintenance agreement when it was. The 1981 sewer easement granted a "non-exclusive, permanent sewer easement and right-or-way" in favor of the Pavliks over the land owned by the Ayers. As part of that easement, the Pavliks were granted the "right of entry and re-entry for construction, maintenance, operation of the sewer line within this easement" and required the Pavliks to restore the surface area to its prior condition in the event that the Pavliks had to break the surface of the Ayers' land in order to maintain the sewer line. We conclude that the sewer easement in this case does not rise to the level of a "maintenance agreement" as that term was used in the "Contract to Purchase."

4

{¶9}     Generally, an easement is defined as an interest in the land of another which entitles the owner of the easement to a limited use of the land in which the interest exists. *Dalliance Real Estate, Inc. v. Covert*, 11th Dist. Geauga No. 2013-G-3139, 2013-Ohio-4963, ¶ 32.   Under the common law, unless the owner of the servient estate is bound to make repairs, the burden "devolves upon the owner of the dominant estate, of making whatever repairs are necessary for his use [of the easement]." *Colace v. Wander*, 5th Dist. Richland No. 2006 CA 0005, 2006-Ohio-7094, ¶ 62, quoting *National Exchange Bank v. Cunningham*, 46 Ohio St. 575, 589, 22 N.E.924 (1889).

{¶10}   Under the terms of the sewer easement, the Vanderlaans were not required to do anything more than maintain their own property, and had no additional duties other than those that would have been imposed under common law.   Such an obligation is not like the type of maintenance agreements normally contemplated in real-estate transactions, namely the obligation to maintain an improved property for some mutual benefit.   *See, e.g., Johnson v. Keith*, 12th Dist. Clermont No. CA2012-04-032, 2013-Ohio-451 (a maintenance agreement involving a driveway shared by multiple parties); *Country Club S. Homeowners Assn. v. Warren Country Club Villas Condominium Unit Owners Assn.*, 11th Dist. Trumbull No. 2012-T-0001, 2012-Ohio-5835 (a maintenance agreement involving an entrance roadway to a development).   This is especially true considering that the "Contract to Purchase" lists "maintenance agreements" along with other such encumbrances as whether the property is "subject to a homeowner association charter" with mandatory membership, "subject to a homeowner association assessment," or whether there are any "encroachments, shared driveways, [or] party walls."

{¶11}   As the Pavliks noted, "[t]here is nothing in the Sewer Easement that requires Vander Laan [sic] to maintain anything he does not own." We conclude that the sewer easement in this case does not rise to the level of a maintenance agreement as that term is used in the "Contract to Purchase." Therefore, the trial court should have granted the Pavliks' Civ.R. 41(B) motion to dismiss the breach-of-contract claim.

{¶12}   The second cause of action that the Vanderlaans asserted was that the Pavliks' failure to disclose the "maintenance agreement" amounted to fraud. Before we address the merits of that assertion, we must first determine whether that claim has been timely asserted.

{¶13}   Pursuant to R.C. 2305.09(C), an action for relief on the ground of fraud "shall be brought within four years after the cause thereof accrued * * * ." The Ohio Supreme Court has interpreted this statute to mean that the four-year-limitations period commences to run when the complainant has discovered, or should have discovered in the exercise of reasonable diligence, the alleged fraud. *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 546 N.E.2d 206 (1989), paragraph 2b of the syllabus; *see Cundall v. U.S. Bank*, 122 Ohio St.3d 188, 2009-Ohio-2523, 909 N.E.2d 1244, ¶ 24. In discussing the application of the discovery rule to fraud cases, the Supreme Court of Ohio has stated, "[c]onstructive knowledge of facts, rather than actual knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule." *Cundall* at ¶ 30.

{¶14}   The "Transfer Certificate of Title" included a reference to the sewer easement. Aaron Vanderlaan testified that the reference was available in the paperwork he received as a result of the sale in 2007. It was at this point that the Vanderlaans were put on notice of the agreement. Their claim for fraud, filed in

2013, was untimely and should have been dismissed by the trial court. The second assignment of error is sustained.

**Conclusion**

{¶15} We overrule the Pavliks' first assignment of error, but sustain their second. The Pavliks' third assignment of error claimed that the trial court's decision was against the manifest weight of the evidence, and their fourth took issue with the damage award. Both are rendered moot by our resolution of the second assignment of error. We reverse the judgment of the trial court, and remand the cause to the trial court with instructions to enter judgment for the Pavliks.

Judgment reversed and cause remanded.

**HENDON, P.J.**, and **CUNNINGHAM, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

7