Myers, Judge.
{¶ 1} Plaintiff-appellant Stephen J. Washburn has appealed from the trial court's entry granting summary judgment to defendant-appellee Marinko Gvozdanovic on Washburn's claims for fraud, breach of contract, and a violation of R.C. 5302.30.
{¶ 2} Washburn has raised three assignments of error for our review. In the first two assignments of error, he challenges the trial court's entry of summary judgment on his claim for fraud. In the third assignment of error, Washburn argues that the trial court erred in striking the affidavit of his expert witness. We affirm.
Factual and Procedural Background
{¶ 3} On October 25, 2009, Washburn and Gvozdanovic entered into a contract for Washburn to purchase the property located at 622 Fleming Road from Gvozdanovic for $92,000. The contract provided that the property was being sold "as is." Gvozdanovic had executed a "Residential Property Disclosure Form," which Washburn signed and acknowledged on the date that the contract was entered into. Section E of the disclosure form was titled "STRUCTURAL COMPONENTS," and it contained the following language: "Do you know of any movement, shifting, deterioration, material cracks/settling (other than visible minor cracks or blemishes) or other material problems with the foundation, basement/crawl space, floors, or interior/exterior walls?" In response to this question, Gvozdanovic checked a box marked yes and wrote that "there has been ground movement in the area."
{¶ 4} Prior to closing on the property, Washburn visited it multiple times and had several inspections conducted. Washburn had noticed a small amount of mold on his first visit to the property, and he hired Tencon, Inc., a technical environmental *166 consulting company, to inspect the property for water issues. On December 30, 2009, Tencon sent Washburn a report indicating that it had found visible mold growth in the basement of the home, and that "ground water appears to be entering the basement via the cement block wall through the block structure, through minor cracks and/or where the blocks join the footer and basement floor."
{¶ 5} On February 11, 2010, Truman P. Young & Associates conducted a structural inspection on the property. The report issued following that inspection indicated that "[t]he basement floor and first floor are noticeably tilted towards the front of the house, indicating probable settlement of the foundation." The report further stated that "[i]t is likely that moisture is penetrating the basement walls through cracks, however, the extent and severity of any cracking cannot be determined without removing the gypsum board wall finish and wood furring." The report noted that the inspection did not involve the removal of any finishes to view concealed conditions. Washburn did not remove the gypsum board prior to closing.
{¶ 6} Washburn closed on the property on March 19, 2010. TKS Construction Services then performed construction and remodeling work on the home. TKS invoiced Washburn for its work on May 20, 2010. Sometime prior to sending the invoice, TKS informed Washburn that it had discovered cracked foundation walls after damaged drywall had been removed during mold remediation.
{¶ 7} Approximately one year after taking possession of the property, Washburn noticed that his asphalted driveway had begun to crumble and heave, that horizontal cracks were forming on the front porch, and that new cracks were forming in the basement walls. Washburn hired Quentin Gorton, a geotechnical engineer, to inspect the property. After his inspection on May 25, 2011, Gorton told Washburn that the property sat on an active landslide. He additionally informed Washburn that he had previously been hired by Gvozdanovic to inspect the property, and that he had told Gvozdanovic that the property sat on an active landslide.
{¶ 8} On May 22, 2015, Washburn filed suit against Gvozdanovic, asserting claims for breach of contract, fraud, and a violation of R.C. 5302.30. With respect to the fraud claim, Washburn's complaint alleged that Gvozdanovic had committed fraud by misrepresenting the condition of the property in the disclosure form and by concealing the damage caused by the landslide with new drywall and asphalt.
{¶ 9} The trial court issued a case management order on July 30, 2015. The order provided that Washburn's experts had to be identified in writing by December 14, 2015. The order further stated that "[e]xperts not named by the dates set forth herein shall not be permitted to testify. Expert reports shall be provided to opposing counsel within 30 days after the expert has been identified unless counsel otherwise agrees." In his responses to Gvozdanovic's interrogatories, which were served upon Gvozdanovic's counsel on December 3, 2015, Washburn named Gorton as an expert witness. Washburn's discovery responses further indicated that he had received only an oral report from Gorton. Washburn did not provide a written report by the specified deadline.
{¶ 10} Gvozdanovic moved for summary judgment on Washburn's claims. Along with his memorandum in opposition to Gvozdanovic's motion for summary judgment, Washburn filed both his own affidavit and an affidavit from Gorton. Attached to Gorton's affidavit was a letter from Gorton to Washburn's counsel stating that the damage to Washburn's property had *167 been caused by a landslide. This letter is a written report of the expert's opinions.
{¶ 11} Gvozdanovic filed a motion to strike Gorton's affidavit because Washburn had failed to timely provide an expert report from Gorton.
{¶ 12} In the same entry, the trial court granted both Gvozdanovic's motions to strike Gorton's affidavit and for summary judgment. With respect to the motion to strike, the trial court mistakenly found that Washburn had failed to identify Gorton as an expert prior to the deadline set in the case.
{¶ 13} The trial court provided numerous reasons in support of its grant of summary judgment. As relevant to this appeal, it found that Washburn's claim for fraud was filed outside of the applicable statute of limitations. And with respect to the merits of the claim for fraud, the trial court found that summary judgment was appropriate because Washburn failed to establish that Gvozdanovic fraudulently concealed the existence of a landslide or that he had justifiably relied on a misrepresentation made by Gvozdanovic.
{¶ 14} Washburn has appealed from the trial court's entry. His assignments of error challenge the trial court's grant of summary judgment on his claim for fraud and the trial court's striking of Gorton's affidavit. Washburn raises no challenge to the trial court's entry of summary judgment on his claims for breach of contract and for a violation of R.C. 5302.30.
Fraud Claim Not Timely Filed
{¶ 15} We consider Washburn's second assignment of error first, as it is dispositive of this appeal. In his second assignment of error, Washburn argues that the trial court erred in determining that his claim for fraud was time-barred because it was filed past the applicable statute of limitations.
1. Standard of Review
{¶ 16} We review a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriately granted when there exist no genuine issues of material fact, the party moving for summary judgment is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to that party. State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).
2. Discovery Rule
{¶ 17} An action for fraud must be brought within four years of the accrual of the action. R.C. 2305.09(C). The four-year limitations period begins to run "when the complainant has discovered, or should have discovered in the exercise of reasonable diligence, the alleged fraud." Vanderlaan v. Pavlik , 1st Dist. Hamilton No. C-150060, 2015-Ohio-5349, 2015 WL 9392747, ¶ 13, citing Investors REIT One v. Jacobs , 46 Ohio St.3d 176, 546 N.E.2d 206 (1989), paragraph 2b of the syllabus. A person should be aware that a fraud has occurred when the facts that she or he possesses would alert a reasonable person to the possibility of fraud. Palm Beach Co. v. Dun & Bradstreet, Inc. , 106 Ohio App.3d 167, 171, 665 N.E.2d 718 (1st Dist.1995).
{¶ 18} As both this court and the Supreme Court of Ohio have explained, "[c]onstructive knowledge of facts, rather than actual knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule." Vanderlaan at ¶ 13, quoting Cundall v. U.S. Bank , 122 Ohio St.3d 188, 2009-Ohio-2523, 909 N.E.2d 1244, ¶ 30.
*168 {¶ 19} Washburn's fraud claim is based on two allegations: that Gvozdanovic misrepresented that the property sat on an active landslide by writing on the property disclosure form that "there has been ground movement in the area," and that Gvozdanovic concealed the effects of the landslide by putting new asphalt on the driveway and new drywall over the cracks in the basement.
{¶ 20} Washburn argues that he first discovered the fraud on May 25, 2011, when Gorton informed him, after inspecting the property, that it sat on an active landslide and that he had previously inspected the property for Gvozdanovic and had conveyed to him the same information. Using this date of discovery, Washburn contends that his complaint filed on May 22, 2015, was filed within the four-year limitations period.
{¶ 21} Gvozdanovic contends that, based on an accumulation of facts, Washburn had notice of the alleged fraud no later than May 20, 2010, the date that TKS informed Washburn of cracked foundation walls. Using that date, Gvozdanovic argues that Washburn's complaint was filed outside of the four-year limitations period. The trial court found that Washburn "should have been aware through the exercise of reasonable diligence, of all of the alleged defects, namely the landslide, no later than May 20, 2010." Consequently, it held that the limitations period began to run on that date and that the cause of action for fraud was time-barred.
{¶ 22} Following our review of the record, we agree with the trial court's determination. We find that the following facts, when considered together, would have alerted a reasonable person to the possibility of fraud.
{¶ 23} On October 25, 2009, Washburn signed the "Residential Property Disclosure Form" indicating that "there has been ground movement in the area." With respect to this statement, Washburn argues that a reference to ground movement "in the area" referred to area around the property, but not the property itself. Washburn's argument is flawed. He ignores the fact that the disclosure was made in the "structural components" section of the disclosure form, and that it was provided in response to a direct question about the structural integrity of 622 Fleming Road.
{¶ 24} After being made aware of ground movement in the area, Washburn received the Tencon report in December of 2009 indicating that water had been entering the basement through minor cracks. Shortly thereafter, in February of 2010, Washburn received the report from Truman P. Young & Associates stating that "[t]he basement floor and first floor are noticeably tilted towards the front of the house, indicating probable settlement of the foundation." The report further informed Washburn that moisture was penetrating through cracks, but that the extent of the cracking could not be determined without removing certain finishes from the wall. Despite receiving this information, Washburn, at that time, did not remove any of the gypsum board wall finish or wood furring to determine the extent of the cracking.
{¶ 25} After closing on the property on March 19, 2010, Washburn was informed by TKS, no later than May 20, 2010, that TKS had found cracked foundation walls in the basement after damaged drywall had been removed.
{¶ 26} We find that, as of May 20, 2010, Washburn possessed facts sufficient to alert a reasonable person to the possibility of fraud. At that point, he: 1) had been informed of ground movement in the area *169 affecting his property (listed under the "Structural Components" section of the disclosure form); 2) had been given two reports stating that moisture was entering the basement through cracks; 3) was aware that the basement and first floor were noticeably tilted toward the front of the house; and 4) had been told of cracked foundation walls in the basement that had been previously covered by drywall. A reasonable person, in possession of these facts, would have been alerted to the possibility that Gvozdanovic's statement on the disclosure form was a potential misrepresentation and that Gvozdanovic had possibly concealed damage caused by the ground movement or landslide. See Palm Beach Co. , 106 Ohio App.3d at 171, 665 N.E.2d 718.
{¶ 27} Consequently, the limitations period for Washburn's fraud claim began to run on May 20, 2010, and his claim filed on May 22, 2015, was untimely. Because Washburn's claim was filed outside of the limitations period, we hold that the trial court did not err in granting summary judgment to Gvozdanovic. The second assignment of error is overruled.
{¶ 28} Our resolution of Washburn's second assignment of error has rendered his first assignment of error concerning the merits of the fraud claim and his third assignment of error, in which he challenges the trial court's striking of Gorton's affidavit, moot. The judgment of the trial court is, accordingly, affirmed.
Judgment affirmed.
Cunningham, P.J., concurs.
Miller, J., dissents.