LARRY A. JONES, SR., J.:
{¶ 1} Plaintiff-appellant, Barry Riddick ("Riddick"), has filed this pro se appeal challenging the trial court's decision to grant the motion to dismiss and motion for summary judgment of defendants-appellees, Owen Taylor and Key Decisions/Positive Choices. Finding no merit to the appeal, we affirm.
{¶ 2} In May 2012, Riddick paid $200 to Key Decisions/Positive Choices to perform an alcohol and drug evaluation and assessment so he could renew his Ohio driver's license. According to Riddick, he needed the evaluation and assessment for the state of Michigan, which had suspended his driver's license due to a DUI conviction and he had a holder on his license.
{¶ 3} Owen Taylor ("Taylor") worked for Key Decisions/Positive Choices as a licensed chemical dependency counselor and performed Riddick's evaluation and assessment. Riddick contends that as part of his assessment Taylor was to complete a state of Michigan request for administrative review or hearing (Form 1) and a state of Michigan evaluation or assessment (Form II).
{¶ 4} Unsatisfied with the results of his evaluation and assessment, Riddick filed a complaint with the Cuyahoga County Board of Alcohol Drug Addiction and Mental Health ("Board" or "ADAMHS") in June 2012. The Board investigated his complaint and found that Riddick's rights had not been violated. In June 2016, Riddick filed suit against Taylor and Key Decisions/Positive Choices alleging breach of contract, respondeat superior, fraud, intentional infliction of emotional distress, and vicarious liability.
{¶ 5} Taylor and Key Decisions/Positive Choices moved to dismiss the fraud and intentional infliction of emotional distress *450 claims based on the statute of limitations. The trial court granted the motion. Riddick subsequently filed a first amended complaint identifying a John Doe defendant.
{¶ 6} After Riddick failed to timely respond to discovery, Taylor and Key Decisions/Positive Choices moved to have admitted their Requests for Admission 1-4. The trial court admitted the following:
REQUEST FOR ADMISSION NO. 1: Admit that you, Barry Riddick, refused to sign a written release authorizing Defendants to release your information to the Michigan Department of State.
REQUEST FOR ADMISSION NO. 2: Admit that no written contract exists between you and Defendants.
REQUEST FOR ADMISSION NO. 3: Admit that a material term of your agreement with Defendants was for you to sign a written release authorizing Defendants to release the details of your evaluation by Owen R. Taylor, Key Decisions/Positive Choices to the Michigan Department of State.
REQUEST FOR ADMISSION NO. 4: Admit that the ADAMHS Board determined that Mr. Taylor and Key Decisions did perform the service that you paid for.
{¶ 7} Taylor and Key Decisions/Positive Choices then moved for summary judgment. Riddick also moved for summary judgment. The trial court granted the motion in favor of Taylor and Key Decisions/Positive Choices, finding that Riddick failed to establish a breach of contract claim because he did not sign an authorization allowing Taylor and Key Decisions/Positive Choices to release his assessment to the state of Michigan.
{¶ 8} Riddick filed this pro se appeal, raising the following assignments of error for our review:
I. The trial court committed prejudicial error when, for purposes of the application of the 4-year statute of limitations on his claims based in (A) Fraud, Count III and (B) Intentional Infliction of Emotional Distress, Count IV, it, pursuant to Civ.R. 12(B)(6), granted in part [defendant's motion to dismiss], dismissing those claims as time[-]barred, denying Appellant his right to jury trial on the issue of reasonable date of discovery.
II. The trial court committed prejudicial error and/or abused its discretion when it deemed admissions admitted by default and refused to withdraw and/or allow amendment where plaintiff had demonstrated that the action should be judged on its merits and the defendants were not prejudiced where plaintiff via his deposition categorically denied the deemed admissions prior to the Civ.R. 36 motion by defendants.
III. The trial court to the prejudice of appellant erred and/or abused its discretion when it failed to enforce its Order that defendants respond to plaintiff's Interrogatory 1 (see Journal Entry 1/25/2017) thus, denying appellant meaningful discovery despite appellant's Civ.R. 56(F) motion.
IV. The trial court to the prejudice of appellant erred and/or abused its discretion when it denied meaningful discovery from the appellees, by not deferring a ruling upon or denying appellees' motion for summary judgment and granting summary judgment for appellees where appellees failed to answer appellant's Civ.R. 31 deposition after properly being noticed and prior to the summary judgment decision, where appellant filed a Civ.R. 56(F) motion due to outstanding discovery.
V. Deemed admissions in and of themselves do no[t] entitle appellees to summary *451 judgment when a contract still existed.
VI. The trial court erred in denying appellant's motion for summary judgment where there were no issues of material fact and appellees b[r]eached the agreement/contract.
I. Law and Analysis
A. Motion to Dismiss and Statute of Limitations
{¶ 9} In the first assignment of error, Riddick contends that the trial court erred in granting Taylor and Key Decisions/Positive Choices's motion to dismiss based on the statute of limitations.
{¶ 10} We employ a de novo review for dismissals granted pursuant to Civ.R. 12(B)(6). Battersby v. Avatar, Inc. , 157 Ohio App.3d 648, 2004-Ohio-3324, 813 N.E.2d 46, ¶ 5 (1st Dist.). "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. , 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). A Civ.R. 12 (B)(6) motion to dismiss should be granted only when a plaintiff can prove no set of facts that would entitle him or her to relief. O'Brien v. Univ. Community Tenants Union, Inc. , 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.
{¶ 11} The trial court dismissed Riddick's claims for fraud and intentional infliction of emotional distress claims because they were barred by the statute of limitations. Under Ohio law, claims for fraud and intentional infliction of emotional distress are governed by a four-year statute of limitations. R.C. 2305.09.
{¶ 12} The four-year limitations period in a fraud claim begins to run " 'when the complainant has discovered, or should have discovered in the exercise of reasonable diligence, the alleged fraud.' " Washburn v. Gvozdanovic , 2017-Ohio-2954, --- N.E.3d ----, ¶ 17, quoting Vanderlaan v. Pavlik , 1st Dist. Hamilton No. C-150060, 2015-Ohio-5349, 2015 WL 9392747, ¶ 13. A person should be aware that a fraud has occurred when the facts that she or he possesses would alert a reasonable person to the possibility of fraud. Washburn at id. citing Palm Beach Co. v. Dun & Bradstreet, Inc. , 106 Ohio App.3d 167, 171, 665 N.E.2d 718 (1st Dist.1995).
{¶ 13} Riddick alleged in his complaint that Taylor and Key Decisions/Positive Choices "fraudently diagnosed" him as alcohol and cocaine dependent on May 30, 2012. He filed his complaint in this case on June 24, 2016. Riddick argues that he was not aware of the fraud until either July 3, 2012, when he received the Board's decision on his grievance, or August 10, 2015, when he received his alcohol and drug assessment from the Board. According to Riddick, it was not until either of these later dates that he could identify that Taylor and Key Decisions/Positive Choices fraudently diagnosed him because none of the information in the assessment justified his diagnoses.
{¶ 14} Constructive knowledge of facts, rather than actual knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule. Cundall v. U.S. Bank , 122 Ohio St.3d 188, 2009-Ohio-2523, 909 N.E.2d 1244, ¶ 30. In his fraud allegation, Riddick alleges that he was diagnosed on May 25, 2012, as alcohol and cocaine dependent and received the fraudulent diagnoses on May 30, 2012. Thus, Riddick was either aware or should have been aware of any fraud on May 30, 2012, when he received his assessment and diagnosis. The fact that the Board decided not to amend his diagnosis does not change his actual *452 knowledge of said diagnosis. Moreover, it appears from the complaint that Riddick filed a grievance with the Board not to change his diagnosis but "in an attempt to have Defendants comply with the terms of Plaintiff and Defendants' contract." Complaint ¶ 8.
{¶ 15} Riddick also argues that his claim for intentional infliction for emotional distress was timely filed. But in his complaint, Riddick alleges he suffered emotional distress on May 30, 2012, when he asked Taylor the identity of John Doe[1] and to give him copies of the drug and alcohol assessment and its accompanying forms and Taylor told Riddick to leave or he would call the police. Thus, Riddick's claim for intentional infliction of emotional distress clearly began to run on May 30, 2012, and is likewise time-barred.
{¶ 16} Therefore, the trial court did not err when it dismissed Riddick's claims for fraud and intentional infliction of emotional distress based on the statute of limitations. The first assignment of error is overruled.
B. Admissions as Admitted
{¶ 17} In the second and fifth assignments of error, Riddick argues that the trial court erred when it allowed admissions to be admitted by default and granted summary judgment based on the admissions.
{¶ 18} We review a trial court's entry of summary judgment de novo, using the same standard as the trial court. Grafton v. Ohio Edison Co. , 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment may only be granted when the following are established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and the conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in its favor. Harless v. Willis Day Warehousing Co. , 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978) ; Civ.R. 56(C).
{¶ 19} The party moving for summary judgment bears the initial burden of apprising the trial court of the basis of its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact on an essential element of the nonmoving party's claim. Dresher v. Burt , 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). "Once the moving party meets its burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact exists." Willow Grove, Ltd. v. Olmsted Twp. , 2015-Ohio-2702, 38 N.E.3d 1133, ¶ 14-15 (8th Dist.), citing Dresher . "To satisfy this burden, the nonmoving party must submit evidentiary materials showing a genuine dispute over material facts." Willow Grove at ¶ 15, citing PNC Bank v. Bhandari , 6th Dist. Lucas No. L-12-1335, 2013-Ohio-2477, 2013 WL 3055918.
{¶ 20} Civ.R. 36 governs requests for admissions. Civ.R. 36(A)(1) provides that an admission
is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.
{¶ 21} Civ.R. 36(B) provides that "[a]ny matter admitted under this rule is conclusively established unless the court on motion *453 permits withdrawal or amendment of the admission."
{¶ 22} Pursuant to the express language of Civ.R. 36(A), requests for admissions are " 'self-executing; if there is no response to a request or an admission, the matter is admitted. Unlike other discovery matters, the admission is made automatically and requires no further action by the party requesting the admissions.' " Smallwood v. Shiflet , 8th Dist. Cuyahoga No. 103853, 2016-Ohio-7887, 2016 WL 6906241, ¶ 18, quoting State v. Cordell , 10th Dist. Franklin No. 08AP-361, 2008-Ohio-6124, 2008 WL 5049902, ¶ 10. Thus, once a party fails to timely respond to the requests for admissions, the defaulted admissions become fact, and a motion seeking confirmation of those admissions is unnecessary. Smallwood at id. , citing Cordell at id.
{¶ 23} Taylor and Key Decisions/Positive Choices served Riddick with discovery including first requests for admission on August 31, 2016. Riddick's responses were due by September 28, 2016. Taylor and Key Decisions/Positive Choices issued follow-up requests for admissions on October 3 and October 19, 2016. They moved to deem their requests for admissions admitted on December 1, 2016; Riddick opposed the motion. The trial court granted the motion.
{¶ 24} Civ.R. 36(B) allows withdrawal or amendment of admissions under certain circumstances:
Subject to the provision of Rule 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits.
Civ.R. 36(B). Thus, pursuant to Civ.R. 36(B) withdrawal of admissions may be permitted where: (1) it will aid in presenting the merits of the case; and (2) the requesting party is unable to convince the court that it will be prejudiced in maintaining the action by the withdrawal. 6750 BMS, L.L.C. v. Drentlau , 2016-Ohio-1385, 62 N.E.3d 928, ¶ 14 (8th Dist.), citing Balson v. Dodds , 62 Ohio St.2d 287, 405 N.E.2d 293 (1980), paragraph two of the syllabus. "This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." 6750 BMS, L.L.C. at id.
{¶ 25} An appellate court applies an abuse of discretion standard to a Civ.R. 36(B) analysis, and decides whether the trial court's decision was arbitrary, unreasonable, or unconscionable. Sylvester Summers, Jr. Co., L.P.A. v. E. Cleveland , 8th Dist. Cuyahoga No. 98227, 2013-Ohio-1339, 2013 WL 1384892, ¶ 13, citing Aetna Cas. & Sur. Co. v. Roland , 47 Ohio App.3d 93, 547 N.E.2d 379 (10th Dist.1988).
{¶ 26} In this case, because Riddick did not respond to the request for admissions, by operation of Civ.R. 36, the request for admissions were deemed admitted, even without Taylor and Key Decisions/Positive Choices filing their motion to have the admissions deemed admitted.
{¶ 27} "While we recognize the importance of having cases decided on the merits, there is also the consideration of advocacy and diligence." U.S. Bank, N.A. v. Koodrich , 2017-Ohio-956, 86 N.E.3d 687, ¶ 20. Taylor and Key Decisions/Positive Choices requested discovery and admissions three times before they moved to have the admissions deemed admitted. In his motion in opposition, Riddick did not dispute he had failed to timely respond to *454 the request for admissions. Rather, he claimed he was waiting on tax returns that were necessary for him to respond to one of the requests for production of documents, specifically, request for production of documents No. 7, which asked for ten years of tax returns, W-2s, and 1099 forms. Riddick, however, introduced no evidence justifying the failure to respond, or made any effort to explain the lack of response other than stating he was waiting on his tax returns.
{¶ 28} Riddick argues on appeal that the withdrawal of the admissions would not have prejudiced Taylor and Key Decisions/Positive Choices and the deemed admissions harmed the merits of his case. But Riddick could have complied with discovery in the trial court and supplemented the discovery once his tax returns were available. We find that Riddick has not shown that the trial court abused its discretion when it granted Taylor and Key Decisions/Positive Choices' motion to have admissions deemed admitted.
{¶ 29} Riddick also claims that the trial court erred in relying on the admissions when it granted summary judgment. In Ohio, "unanswered requests for admissions render the matter requested conclusively established * * * and a motion for summary judgment may be based on such admitted matter." (Citations omitted.) Jade Sterling Steel Co. v. Stacey , 8th Dist. Cuyahoga No. 88283, 2007-Ohio-532, 2007 WL 416697, ¶ 11. The failure to respond to the request satisfies the Civ.R. 56 written answer requirement, and also serves as a "conclusive admission pursuant to Civ.R. 36." Id.
{¶ 30} To set forth a claim for a breach of contract, a claimant must show: (1) a contract existed; (2) the plaintiff fulfilled his or her obligations; (3) the defendant failed to fulfill its obligations; and (4) damages resulted from this failure. Moore v. Adams, 5th Dist. Tuscarawas No. 2007AP090066, 2008-Ohio-5953, 2008 WL 4907590, ¶ 22. In granting summary judgment in favor of Taylor and Key Decisions/Positive Choices, the trial court found that Riddick could not support his claim because he would not sign an authorization allowing Taylor and Key Decisions/Positive Choices to release his assessment to the state of Michigan and the signing of the release was a material term of the agreement.
{¶ 31} Riddick contends that he had a contract with Key Decisions/Positive Choices and paid the company $200. Key Decisions/Positive Choices contends they were unable to fulfill any agreement they had with Riddick because he never executed the release, which would have allowed Taylor and Key Decisions/Positive Choices to release Riddick's assessment to the state of Michigan.
{¶ 32} During his deposition, Riddick claimed he was never asked to sign a release. In his motion for summary judgment, Riddick stated that "as of May 31, 2012" he had "correctly refused to sign any written authorization authorizing [Taylor and Key Decisions/Positive Choices] to incorrectly forward his information * * *." He readily admits that he refused to sign a release when asked to do so during his deposition.
{¶ 33} Taylor and Key Decisions/Positive Choices submitted into evidence Riddick's Individualized Progress Note, dated May 22, 2012. Taylor wrote "Client refused to sign [word illegible] release of information[,] stated that he was mailing all his paperwork." A supervisor signed off on Taylor's progress note. This is evidence that Riddick refused to sign the necessary release and, therefore, Taylor and Key Decisions/Positive Choices could not release *455 his assessment and evaluation to the proper party.
{¶ 34} In light of the above, the trial court did not abuse its discretion in granting Taylor and Key Decisions/Positive Choices' motion to admit unanswered admissions nor did the court err in relying on those admissions or other evidence in granting summary judgment.
{¶ 35} The second and fifth assignments of error are overruled.
C. Alleged Discovery Violations
{¶ 36} In the third and fourth assignments of error, Riddick contends that the trial court erred when it failed to sanction Taylor and Key Decisions/Positive Choices for their discovery violations.
{¶ 37} Riddick alleges that trial court erred when it failed to require Taylor and Key Decisions/Positive Choices to comply with its order to respond to Riddick's discovery. In an order dated January 25, 2017, the trial court ordered Taylor and Key Decisions/Positive Choices to respond to interrogatory No. 1, as follows: "Defendants must respond as to when this request (to sign the release) was made to plaintiff and who was present." Taylor and Key Decisions/Positive Choices complied with the court's order on February 3, 2017, answering the interrogatory as follows: "The first instance was on May 22, 2012, as is documented in Mr. Riddick's progress note (attached hereto) in which he refused to sign. Multiple additional requests were made, the last of which was made by undersigned counsel at the time of Mr. Riddick's November 15, 2016 deposition * * *."
{¶ 38} Riddick contends the progress note is "fraudulent" and the progress note does not state who was present when he allegedly refused to sign the release. But there is no evidence the progress note is fraudulent. The progress note indicates that Riddick was at Key Decisions/Positive Choices for a three-hour assessment. Taylor performed the assessment and noted Riddick's refusal to sign the release of information. Taylor signed and dated the progress note and his supervisor signed off on the note.
{¶ 39} Riddick also contends that the trial court prevented him from obtaining discovery by granting Taylor and Key Decisions/Positive Choices' motion for summary judgment before they had fully answered discovery. We disagree. In his motion, Riddick asked the court to compel Taylor and Key Decisions/Positive Choices to respond to interrogatory Nos. 1, 2, 3, and 5. In an order dated January 1, 2017, the trial court found that interrogatory No. 2 had already been answered and interrogatory Nos. 3 and 5 were vague and ambiguous. In a March 30, 2017 order, the trial court noted that interrogatory No. 1 had already been answered. Based on our review of the record, there was no outstanding discovery and, therefore, no prejudice to Riddick.
{¶ 40} In light of the above, the third and fourth assignments of error are overruled.
D. Summary Judgment
{¶ 41} In the sixth assignment of error, Riddick claims that the trial court erred when it denied his motion for summary judgment. Riddick contends Taylor and Key Decisions/Positive Choices breached the contract they had with him because they did not supply him with a copy of his drug and alcohol assessment and accompanying state of Michigan forms. We disagree.
{¶ 42} As mentioned, Riddick hired Key Decisions/Positive Choices for $200 to have a licensed alcohol or drug professional evaluate his alcohol and/or drug use disorder *456 to determine his ability to clear his Michigan driving record. Riddick signed a Consent for Treatment/Services, an Initial Treatment Plan, and an Authorization to Disclose Information, which allowed Key Decisions/Positive Choices to gather information from a local Community Based Correctional Facility. Included in the record is a Authorization to Disclose Information to the State of Michigan form, which Riddick did not sign.
{¶ 43} Riddick subsequently filed a grievance with ADAMHS. Judy Jackson Winston, a Board client rights officer, investigated Riddick's complaint. Jackson Winston determined that Taylor and Key Decisions/Positive Choices did not violate Riddick's rights when Taylor failed to complete the state of Michigan Evaluations and Request for Hearing form or give the completed form to Riddick, because the instructions on the form required the evaluator to send the forms directly to the state of Michigan.
{¶ 44} Riddick presented no evidence that he had a written contract with Key Decisions/Positive Choices or evidence that Taylor and Key Decisions/Positive Choices were required to provide him with the forms he requested. The state of Michigan forms required Riddick to sign an authorization to release said forms to the state. Taylor and Key Decisions/Positive Choices were required to obtain that authorization prior to releasing the forms. Because Riddick refused to sign the release, Taylor and Key Decisions/Positive Choices could not complete the services Riddick hired them to perform.
{¶ 45} In addition, we note that after Riddick filed the grievance, Taylor and Key Decisions/Positive Choices were willing to again meet with Riddick so he could sign the release, see the forms before they were mailed to the state of Michigan, and receive copies. Riddick refused their advances.
{¶ 46} In light of the above, the trial court correctly granted summary judgment in favor of Taylor and Key Decisions/Positive Choices.
{¶ 47} Finding no breach of contract, Riddick's claims for vicarious liability and respondeat superior fail as well. See Mender v. Chauncey , 2015-Ohio-4105, 41 N.E.3d 1289, ¶ 31 (4th Dist.), citing Comer v. Risko , 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712 (a derivative claim cannot afford greater relief than that relief permitted under a primary claim, a derivative claim fails when the primary claim fails).
{¶ 48} The sixth assignment of error is overruled.
{¶ 49} Therefore, having found that the trial court properly granted Taylor and Key Decisions/Positive Choices' motion to dismiss Riddick's fraud and intentional infliction of emotional distress claims and motion for summary judgment on his breach of contract, vicarious liability, and respondeat superior claims, we affirm the court's judgment.
{¶ 50} Judgment affirmed.
EILEEN A. GALLAGHER, A.J., and
MARY EILEEN KILBANE, J., CONCUR

It is unclear from the record what role John Doe had in this case.