[Cite as *Corwin v. Kimble*, 2022-Ohio-3395.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| MARK CORWIN | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 22CA00002 |
| HOLLY KIMBLE, et al. | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
Pleas, Case No. 20CV00603


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    September 26, 2022


APPEARANCES:

For Plaintiff-Appellee    For Defendants-Appellants

ELIZABETH E. OSORIO    RANDALL E. WORTH
BRIAN G. JONES    7500 Slate Ridge Blvd.
THE LAW OFFICE of BRIAN JONES, LLC  Reynoldsburg, Ohio  43068
52 North Sandusky Street
Delaware, Ohio  4315

*Wise, J.*

{¶1}   Defendants-Appellants Holly Kimble and Jeremy Kimble appeal the December 7, 2021, decision of the Licking County Common Pleas Court granting summary judgment in favor of Plaintiff-Appellee Mark Corwin.

<u>STATEMENT OF THE CASE AND FACTS</u>

{¶2}   The relevant facts and procedural history as set forth in the record are as follows:

{¶3}   On September 24, 2014, Holly Kimble and Jeremy Kimble entered into a rental agreement with Mark Corwin to rent out Corwin's property located at 126 South Highview Boulevard, Pataskala, Ohio. Pursuant to the rental agreement, the Kimbles agreed to pay Corwin a security deposit of $1,350 and monthly payments of $1,350 until the total amount of $16,200 was paid in full for a 12-month lease. Monthly payments began on November 1, 2014, and the agreement automatically renewed on a month-to-month basis upon the completion of the 12-month obligation.

{¶4}   The Kimbles failed to pay the rent for the months of February 2019, March 2019, and April 2019. The Kimbles allege that Corwin agreed to forego rent in exchange for the Kimbles' cooperation in moving out of the property.

{¶5}   In early May 2020, the Kimbles vacated the property. Corwin alleges that he discovered substantial damage to the property after inspection.

{¶6}   On June 19, 2020, Corwin filed a Complaint in the Licking County Court of Common Pleas against the Kimbles alleging that the Kimbles breached the rental agreement when they failed to pay rent and caused substantial damage to the property.

Corwin requested damages in the amount of $19,510.16 plus interest and reasonable attorneys' fees.

{¶7} On July 27, 2020, the Kimbles filed their Answer denying that they owe unpaid rent or caused the alleged damage to the property. The Kimbles also brought a counterclaim against Corwin alleging a violation of R.C. §5321.16, which requires a landlord to itemize and identify any deduction from a security deposit in a written notice delivered to the tenant within thirty days after termination of the rental agreement. Corwin denies this allegation.

{¶8} On September 22, 2020, the trial court held a scheduling conference with counsel for the parties present. Pursuant to that conference, the trial court issued a scheduling order which set the deadline for completion of discovery as November 23, 2020.

{¶9} On October 22, 2020, Corwin filed a Notice of Service of Discovery Requests. As part of the discovery requests, Corwin included Requests for Admissions stating:

{¶10} REQUEST NO. 1: Admit that Defendants Holly Kimble and Jeremy Kimble signed a Rental Agreement for tenancy of 126 South Highview Boulevard, Pataskala, Ohio 43062.

{¶11} REQUEST NO. 2: Admit that Plaintiff Mark Corwin is due approximately $3,900 in unpaid rent, late fees and interest as a result of the Rental Agreement for 126 South Highview Boulevard, Pataskala, Ohio 43062.

{¶12} REQUEST NO. 3: Admit that Plaintiff Mark Corwin is due approximately $15,610.16 in damage to the property located at 126 South Highview Boulevard, Pataskala, Ohio 43062.

{¶13} The requests for admissions designated that responses were due twenty-eight days after service of the requests, which would have been November 19, 2020.

{¶14} On November 30, 2020, Appellee Corwin filed a motion to amend the scheduling order. Appellee's counsel stated that on November 17, 2020, he was notified that Appellants' attorney was quarantining away from the office due to exposure to COVID-19. At that time, Appellee's counsel was advised that responses to discovery requests would not be possible until after the Thanksgiving holiday due to the COVID-19 exposure. Appellee requested that the dates in the scheduling order be extended ninety days to accommodate Appellants and account for the Covid-19 pandemic.

{¶15} By Order filed January 11, 2021, the trial court granted Appellee's motion and extended the scheduling order dates. The deadline for completion of discovery was extended to February 22, 2021.

{¶16} On March 15, 2021, twenty-one days after the discovery deadline had passed, Appellants filed a motion for continuance requesting that all dates be postponed an additional three to four months. Appellants stated in their motion that Holly Kimble was suffering from medical conditions and complications. The trial court granted the motion and extended the dates an additional three months. The deadline for completion of discovery was re-set for June 22, 2021.

{¶17} On August 16, 2021, approximately eight weeks after the rescheduled discovery deadline, Appellants filed another motion for continuance. Appellants asserted

that Holly's medical conditions and complications and Jeremy's duties in the army prevented them from meeting any of the scheduled dates. This time Appellants requested the scheduling order dates be postponed an additional six (6) months. The trial court did not rule on this motion.

**{¶18}** On September 1, 2021, a final pretrial conference was held. During the conference Appellee was granted leave to file a motion for summary judgment.

**{¶19}** On September 7, 2021, Appellee filed his motion for summary judgment.

**{¶20}** At the time Appellee filed his motion for summary judgment, Appellants had still not responded to the requests for admissions. Because Appellants failed to respond to the requests for admissions, Appellee argues in his motion for summary judgment that the admissions must be deemed admitted. Appellee then goes on to rely on these admissions and other evidence, including the rental agreement, text messages between Appellee and Holly Kimble, and photographs of the rental property, to argue that he is entitled to summary judgment. He also relies on text messages between himself and the Kimbles' new landlord and a letter he sent to the Kimbles to argue that he is entitled to summary judgment on Appellants' counterclaim.

**{¶21}** Appellee also argued that Appellants were liable for Appellee's attorney fees pursuant to Civ.R. 11.

**{¶22}** Two days after Appellee filed his motion for summary judgment, Appellants delivered by electronic mail their responses to the discovery requests to Appellee's counsel.

**{¶23}** On October 12, 2021, Appellants filed a memorandum contra to Appellee's motion for summary judgment. Appellants reiterated that they were unable to reply to

discovery requests because of Holly's medical condition and Jeremy's duties with the Ohio Army National Guard rendering him unavailable for unspecified, extended periods of time. Appellants further argued that their specific denials to Appellee's damages allegations create a genuine issue of material fact.

{¶24} On November 2, 2021, Appellee filed a reply.

{¶25} By Judgment Entry filed December 7, 2021, the trial court granted summary judgment in favor of Appellee. In its Judgment Entry, the trial court found that Appellee's requests for admissions were admitted when Appellants failed to timely respond to Appellee's requests, and that Appellants were not permitted to withdraw or amend their admissions.

{¶26} Appellants now appeal, raising the following assignments of error for review:

ASSIGNMENTS OF ERROR

{¶27} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY FINDING THAT APPELLEE'S REQUESTS FOR ADMISSION WERE ADMITTED WHEN APPELLANTS "FAILED TO TIMELY RESPOND TO PLAINTIFF'S REQUESTS.

{¶28} "II. THE TRIAL COURT ERRED BY FINDING AS A MATTER OF LAW THAT NO GENUINE ISSUE OF MATERIAL FACT EXISTS AND THAT APPELLANTS BREACHED THE LEASE BY FAILING TO PAY RENT AND CAUSING DAMAGES TO THE PROPERTY.

{¶29} "III. THE TRIAL COURT ERRED BY FINDING THAT THE APPELLEES [sic] ADMITTED THAT APPELLANT [sic] IS DUE APPROXIMATELY $3,900.00 IN RENT, LATE FEES AND INTEREST AND $15,610.16 IN DAMAGES TO THE PROPERTY."

**I.**

**{¶30}** In their first assignment of error, Appellants argue that the trial court erred in finding Appellee's requests for admissions were deemed admitted. We disagree.

**{¶31}** Requests for Admissions are governed by Civil Rule 36. As it pertains to unanswered admissions, Civ.R. 36(A) states, in pertinent part:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within Civ.R. 26(B) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, …

* * *

(1) … The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

**{¶32}** Thus, failure to timely respond or to respond at all will result in the requested matter being deemed admitted. *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67, 485 N.E.2d 1052 (1985). "Any matter admitted under Civ.R. 36 is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Id.*, citing Civ.R. 36(B). And "[a] request for admission can be used to establish a fact, even if it goes to the heart of the case." *Cleveland Trust* at 67.

**{¶33}** Appellants herein never requested and were never granted an extension of time by the trial court to respond to Appellee's requests for admissions. Appellants admit in their brief that they never specifically asked for an extension of time to respond to the requests for admissions. (Appellants' brief at 12).

**{¶34}** However, Civ.R. 36 does not specify that a formal motion is required nor does the rule identify a time when the motion must be filed. *Balson v. Dodds*, 62 Ohio St.2d 287, 290, 405 N.E.2d 293 (1980), fn. 2. Courts have accepted, absent a written or oral motion to withdraw, various challenges to the truth of an admission as implicit motions to withdraw. *C.S.J. v. S.E.J.*, 8th Dist. Cuyahoga No. 108390, 2020-Ohio-492, ¶ 12; *See Balson* at fn. 2 (contesting the truth of admissions serves as evidence of a motion to withdraw the admissions).

**{¶35}** Civ.R. 36 (B) states the following:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Civ.R. 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by the party for any other purpose nor may it be used against the party in any other proceeding.

**{¶36}** The decision as to whether to permit a modification to admissions rests in a trial court's sound discretion. *Balson v. Dodds* (1980), 62 Ohio St.2d 287, 405 N.E.2d 293; Civ.R. 36(B). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217, 450 N.E.2d 1140.

**{¶37}** As explained by this Court in *Bush v. Eckman,* Licking App. No. 07CA0115, 2008–Ohio–5080, ¶ 23:

**{¶38}** "In making its determination of whether to permit a withdrawal or amendment of the admissions, the trial court is required to consider the elements of Civ.R. 36(B). Ohio courts have stylized this consideration into a multi-pronged analysis. *See Kutcscherousky v. Integrated Communications Solutions, LLC,* 5th Dist. No. 2004CA00338, 2005–Ohio–4275; *RKT Properties, LLC v. City of Northwood,* 6th Dist. No. WD–05–009, 2005–Ohio–4178, 162 Ohio App.3d 590, 834 N.E.2d 393; *Farmers Ins. Of Columbus, Inc. v. Lister,* 5th Dist. No. 2005–CA–29, 2006–Ohio–142; *B & T Distributors v. CSK Const., Inc.,* 6th Dist. No. L–07–1362, 2008–Ohio–1855.

**{¶39}** First, there is the overarching goal that cases should be resolved on their merits. The court must determine whether the amendment or withdrawal of the admissions will aid in presenting the merits of the case. *Cleveland Trust* at 67. If the court so determines, the burden then shifts to the party who obtained the admissions to establish that the withdrawal or amendment will prejudice the party in maintaining their action. *Id.; Balson v. Dodds* (1980), 62 Ohio St.2d 287, 405 N.E.2d 293, paragraph two of the syllabus. 'Against this prejudice, the court must weigh the "compelling" circumstances that led to the failure to respond to the request for admissions.' *RKT*

*Properties, supra* at ¶ 12, citing *Cleveland Trust, supra* and *Balson; See also Himes v. Smith*, 5th Dist. Stark No. 2011CA00086, 2012-Ohio-184, ¶¶ 10-17

**{¶40}** Here, the requested matter was deemed admitted and conclusively established when Appellants failed to timely respond to the requests for admissions. Appellee designated that responses to his requests for admissions were due twenty-eight days after service of the requests. Appellee sent his requests via electronic mail service on October 22, 2020. Thus, responses were due on November 19, 2020. Appellants did not respond to Appellee's requests for admissions until September 9, 2021, 294 days or nine months and twenty-one days after they were due. Because Appellants failed to timely respond to Appellee's requests for admissions they were automatically deemed admitted.

**{¶41}** Unlike the facts in this case, in *Kutscherousky, supra,* "the time frame for discovery had not expired and was not close to expiring; there was no response to the motion for summary judgment or any other action on the part of appellee in reliance upon the requests for admissions[.]" *See id.* at ¶ 23. By contrast, in this case, discovery had been closed for almost ten (10) months, and Appellant did not deny the admissions until after Appellee relied upon such admission in his motion for summary judgment.

**{¶42}** In *Kutscherousky, supra,* this Court held that there must be a point after which the party who gained the admissions has the right to rely on them. What amount of time is "reasonable" varies on a case-by-case basis.

**{¶43}** "While Civ.R. 36(B) emphasizes the importance of resolving a case on the merits, it also assures each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." (Internal quotations and citation omitted.) *L.E.*

*Sommer Kidron, Inc.,* 2007–Ohio–885, at ¶ 53; *See also*, *Heiland v. Smith*, 9th Dist. Lorain No. 11CA010137, 2013-Ohio-134, ¶¶ 16-17.

**{¶44}** Here, Appellee followed the applicable civil rules and was justified in relying upon Appellants' admission and should not be prejudiced by that reliance.

**{¶45}** Upon review of the record, we find that the trial court did not err or abuse its discretion in deeming the requests for admissions admitted.

**{¶46}** Appellants' first assignment of error is overruled.

## II.

**{¶47}** In their second assignment of error, Appellants argue that the trial court erred in granting summary judgment in favor of Appellee. We disagree.

### *Summary Judgment Standard of Review*

**{¶48}** Civ.R. 56 states in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the

party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**{¶49}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791(12th Dist.1991).

**{¶50}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist.1999).

**{¶51}** When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding*

*Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 738 N.E.2d 1243 (2000).

**{¶52}** In the case *sub judice*, Appellants argue that the trial court erred in finding that they breached the lease by failing to pay rent and causing damages to the property.

**{¶53}** As set forth above, through the unanswered requests for admissions, Appellants admitted that they owed $3,900.00 in unpaid rent, and that they owed Appellee $15,610.16 for damages caused to the property.

**{¶54}** In Ohio, "unanswered requests for admissions render the matter requested conclusively established * * * and a motion for summary judgment may be based on such admitted matter." (Citations omitted.) *Jade Sterling Steel Co. v. Stacey*, 8th Dist. Cuyahoga No. 88283, 2007-Ohio-532, 2007 WL 416697, ¶ 11. The failure to respond to the request satisfies the Civ.R. 56 written answer requirement, and also serves as a "conclusive admission pursuant to Civ.R. 36." *Id.*; *Riddick v. Taylor*, 8th Dist. No. 105603, 2018-Ohio-171, 105 N.E.3d 446, ¶ 29.

**{¶55}** In light of the above, the trial court did not err or abuse its discretion in relying on those admissions or other evidence in granting summary judgment.

**{¶56}** Appellants' second assignment of error is overruled.

**III.**

**{¶57}** In their third assignment of error, Appellants argue that the trial court erred in finding that Appellants admitted damages in this matter. We disagree.

**{¶58}** For the same reasons as set forth in Assignments of Error I and II, we find Appellants' third assignment of error not well-taken and hereby overrule same.

**{¶59}** For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/kw 0921